■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JAMES COTTON, Respondent.— In a criminal action, the People appeal from an order of the Supreme Court, Kings County, entered January 6, 1964 after a hearing, which granted defendant's motion, made pursuant to statute (Code Crim. Pro., § 813-c), to suppress certain evidence against him on the ground that it was obtained as the result of an illegal search and seizure. The People have filed the statement required by statute to perfect their appeal from said order (Code Crim. Pro., § 518, subd. 6; § 518-a). Order reversed on the law and the facts and motion denied. In our opinion, the findings of fact in the court below were against the weight of the evidence. The defendant was indicted for unlawful possession of a loaded zip gun, as a felony (Penal Law, § 1897). At the hearing on the motion, Patrolman Britton was the sole witness; he was called by the defendant. We find his testimony clear and convincing: (a) that the police never searched or even attempted to search the defendant while he was voluntarily in a police patrol car on the way to a police station; (b) that, during the ride, it was the defendant himself who (apparently accidentally) exposed the gun to the policeman's view when he (the defendant) attempted surreptitiously to remove it from its place of concealment in the waistband of his trousers, over the top of which the bottom of his sweater extended; and (c) that it was not until this incident occurred that the police seized the gun from the defendant and placed him under arrest. Hence, as the gun was not the product of any police search — legal or illegal — it was error to grant the motion to suppress the use of the gun as evidence. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.