THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JAMES HILL, Respondent.— Order of the Supreme Court, Kings County, dated November 14, 1973, reversed, and defendant's motion to suppress certain evidence as the result of an unlawful search and seizure, denied. At the suppression hearing the arresting officer, a New York City Housing Authority plainclothesman, testified he observed a group of four males who were drinking from a common bottle on the street and making offensive remarks to passersby. He approached them, told them to disperse, and saw a bulge in the pocket of one of the four (not this defendant). He searched him and found the bulge was caused by a wine bottle. The defendant attracted his attention by moving slowly away, as if to flee, whereupon he approached him. The defendant then reached in his pocket, took out a bag of cocaine and $30, saying, " Here ". The officer took the contraband and arrested defendant, and as he was about to search defendant the latter took out a loaded pistol and again said " Here ". The officer took the pistol, searched defendant and found marijuana on him. This testimony was not controverted, was not opposed to the probabilities and was not in its nature surprising or suspicious. In these circumstances we see no reason for denying to it conclusiveness (cf. *Hull* v. *Littauer,* 162 N. Y. 569, 572). Furthermore, the Justice in making his determination, did so as a matter of law, and expressly stated that he found that whatever the police officer " testified to is what actually happened." The arresting officer was on a public street where he had a right to be, and in view of the conduct of the four males he had a right to approach them and order them to disperse. He did not ask to search defendant, and nothing in the record indicates any atmosphere ·of coercion. We find that in handing the cocaine to the officer the defendant did so voluntarily, and not in submission to authority as the Criminal Term found. In such a case, there is no search but only a lawful seizure (cf. *People* v. *McKendall,* 30 A D 2d 717, 720; *People* v. *Lopez,* 22 A D 2d 813; *United States* v. *Zimple,* 318 F. 2d 676, 678), and as such, it is not within the purview of the constitutional prohibition against unreasonable searches and seizures (*People* v. *Ray,*

26 A D 2d 560, 561)., It was therefore error to grant the motion to suppress. Shapiro, Acting P. J., Cohalan, Brennan, Benjamin and Munder, JJ., concur.