OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, and the case remitted to the Appellate Division, First Department, for a determination of the facts (CPL 470.40, subd 2, par [b]; 470.25, subd 2, par [d]).
Defendant pleaded guilty to the crime of robbery in the first degree in full satisfaction of a multicount indictment *642 charging him and others with the crimes of kidnapping, burglary, robbery, attempted grand larceny, reckless endangerment and criminal possession of a weapon. At the sentencing proceeding defense counsel informed the court that defendant wished to withdraw his plea of guilty on the ground that it was induced by her erroneous sentencing advice. Specifically, counsel had assured defendant, off-the-record, that he would receive credit for the two and one-half years he had been in jail prior to sentencing and four months of “good time” credit for each year he had already served, and that this “good time” credit would be deducted from defendant’s minimum sentence making him eligible for parole in approximately one year. This advice was erroneous because the “good time” would not be credited against the defendant’s minimum sentence (cf. Correction Law, § 803; Penal Law, § 70.30, subd 4).
The sentencing court denied defendant’s motion to withdraw his plea and sentenced him to an indeterminate 41/2-to 13½-year prison term. The Appellate Division unanimously reversed on the law, vacated the sentence, and remanded the matter to Trial Term for an evidentiary hearing to determine whether defendant should be permitted to withdraw his plea of guilty and reinstate his plea of not guilty to the indictment. Defendant also argued that his attorney’s misadvice constituted ineffective assistance of counsel and that Federal constitutional principles mandated that he be permitted to withdraw his plea (see United States ex rel. Hill u Ternullo, 510 F2d 844).
As a general rule, “[ajbsent a showing that defendant’s plea is baseless, the Judge to whom the motion is addressed must be entitled to rely on the record to ascertain whether any promises, representations, implications and the like were made to the defendant” and induced his plea of guilty (People v Frederick, 45 NY2d 520, 525; see, also, People v Selikoff, 35 NY2d 227). Although Frederick and Selikoff are factually distinguishable in that they involved alleged off-the-record promises made by the sentencing court to defendant or his attorney, the policy rationale underlying our refusal to recognize such representations or promises applies here as well. Namely, the Judge to whom the motion to vacate is addressed should be entitled to rely on *643 the record before him in order to insure that guilty pleas are accorded finality whenever possible (People v Hood, 62 NY2d 863; People v Frederick, supra, at p 525). Inasmuch as defense counsel’s misadvice concerning the effects of “good time” credit was not placed on the record at the time of the plea, it is not entitled to judicial recognition.
Defendant’s remaining legal arguments are also without merit. The claim of ineffective assistance of counsel should have been raised in a posttrial application (see People v Brown, 45 NY2d 852). Additionally, while United States ex rel. Hill v Ternullo (510 F2d 844, supra) appears to support defendant’s Federal constitutional argument, that case was limited by Hunter v Fogg (616 F2d 55, 61) where the Second Circuit held that the constitutional requirements of a State court guilty plea do not include informing a defendant of the minimum portion of a sentence that a court may require him to serve.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the memorandum herein.