■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHANIE GUNTHER, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County (McMahon, J.), rendered May 30, 1984, convicting her of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed, and case remitted to the Supreme Court, Westchester County, for further proceedings pursuant to CPL 460.50 (5).

It was not error for the court to deny a hearing on defendant's motion to suppress the gun in question. Defendant voluntarily surrendered the gun to Sergeant Carlson. Therefore, there was no search conducted and the issue of suppression is nonexistent (*People v Hill,* 45 AD2d 1028; *People v Cotton,* 22 AD2d 692). Furthermore, the record supports the court's determination that the on-the-scene inquiries of defendant did not constitute custodial interrogation but, rather, constituted a proper investigative inquiry. Therefore, the statement made by defendant during the inquiry prior to her arrest did not require suppression (*see, People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851). We have considered defendant's other contentions and find them to be unpreserved or without merit. Mollen, P. J., Lazer, Mangano and Brown, JJ., concur.