■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST DAVIS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Balbach, J.), rendered May 20, 1983, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

Criminal Term properly ruled that defendant's statements and evidence voluntarily given to the authorities would be admissible at trial. Defendant was not in custody at the time the statements were given; rather, he was merely cooperating with the authorities through his own volition. A knife was freely given to the authorities, who did not request to search defendant or exert any coercive influence. It was clearly admissible evidence (see, People v Hill, 45 AD2d 1028).

We reject defendant's contention that the court improperly accepted his guilty plea, as the record establishes that the defendant knowingly, voluntarily, and intelligently waived his rights and pleaded guilty (People v Harris, 61 NY2d 9). Defendant was specifically advised of his potential justification defense, which he discussed fully with his lawyer. He nevertheless chose to plead guilty and the court's acceptance of the plea was entirely proper (see, People v Serrano, 15 NY2d 304). Furthermore, the court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea. Both defendant and his lawyer were afforded the opportunity to address the court on his behalf (People v Tinsley, 35 NY2d 926). The record provided no grounds warranting withdrawal of the plea (People v Ramos, 63 NY2d 640, 642-643). We do not find the sentence imposed excessive, and note that defendant received precisely the sentence he bargained for (People v La Lande, 104 AD2d 1052).

We find defendant's claim that he was not afforded effective assistance of counsel to be without merit. His lawyer made all the proper pretrial motions, and pursued defendant's claims and rights. We conclude defendant received the effective assistance of counsel (Strickland v Washington, 466 US 668, 104 S Ct 2052; People v Baldi, 54 NY2d 137). Brown, J. P., O'Connor, Weinstein and Rubin, JJ., concur.