■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST JENKINS, Appellant. [668 NYS2d 355] —Judgment, Supreme Court, New York County (Harold Beeler, J.), rendered December 5, 1995, convicting defendant, upon his plea of guilty, of manslaughter in the first degree, and sentencing him to a term of 5 to 15 years, unanimously affirmed.

The court properly denied, without a hearing, defendant's motion to withdraw the guilty plea, since the record of the plea allocution shows that defendant entered into the plea agreement knowingly and voluntarily and makes no reference to any mistaken assurance by counsel that defendant would be eligible for an early work release program. Since counsel's alleged "misadvice" was not placed on the record, it was "not entitled to judicial recognition" and, therefore, could not serve as a basis for permitting defendant to withdraw his plea (*People v Ramos*, 63 NY2d 640, 643).

The record also demonstrates that defendant's waiver of his

right to appeal the issue of whether his sentence was excessive was knowing and voluntary, and therefore valid and enforceable (*People v Seaberg*, 74 NY2d 1, 11). Were we to review the claim that the sentence was excessive, we would find that there was no improvident exercise of discretion in the imposition of the agreed-upon prison term. Concur—Nardelli, J. P., Wallach, Williams and Mazzarelli, JJ.