■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR SAINZ, Appellant. [680 NYS2d 198] —Judgment, Supreme Court, New York County (Patricia Williams, J.), rendered January 27, 1995, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4 to 8 years, unanimously affirmed.

Defendant's contention that his attorney was ineffective for failing to advise him that the court was not bound to impose the sentence that the People had agreed to recommend would require a CPL 440.10 motion because it is based on facts dehors the record (*People v Brown*, 45 NY2d 852; *see also, People v Ramos*, 63 NY2d 640). On the existing record, we conclude that counsel provided meaningful representation (*see, People v Ford*, 86 NY2d 397, 404; *People v Baldi*, 54 NY2d 137). The record reveals that counsel for both sides were aware of the court's policy of not making promises with respect to sentencing and indicates that no sentencing promises were in fact made to defendant, a veteran of the criminal justice system. The court is entitled to rely on the record before it in order to ascertain whether any representations were made to induce the plea (*People v Ramos, supra*). In this case, defendant stated on the record that no promises were made to him to induce his guilty plea. Concur—Sullivan, J. P., Milonas, Nardelli and Tom, JJ.