■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY ROBLES, Appellant. [791 NYS2d 832]—

Judgment, Supreme Court, New York County (Gregory Carro, J., at first guilty plea; Laura A. Ward, J., at second guilty plea and sentence), rendered April 3, 2003, convicting defendant of attempted criminal sale of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.

After a sufficient inquiry, the sentencing court properly denied defendant's motion to withdraw his guilty plea (*see People v Frederick*, 45 NY2d 520 [1978]). The record establishes the

voluntariness of defendant's plea. At the second plea allocution, the court expressly warned defendant that he would receive a prison sentence unless he was accepted by a particular drug program, and that no alternative program would be possible. Accordingly, the sentencing court rejected defendant's assertion that he misunderstood the terms of the plea. Furthermore, defendant's claim of innocence was contradicted by his statements during the plea allocution and did not warrant vacatur of the plea or further inquiry.

Defendant's ineffective assistance of counsel claim would require a CPL 440.10 motion because it involves matters outside the record concerning counsel's advice to defendant (*see People v Ramos*, 63 NY2d 640, 643 [1984]). To the extent the existing record permits review, it establishes that defendant received effective assistance (*see People v Ford*, 86 NY2d 397, 404 [1995]). Concur—Mazzarelli, J.P., Saxe, Ellerin, Gonzalez and Catterson, JJ.