■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DORIAN AVERY, Appellant. [793 NYS2d 912]—

Judgment, Supreme Court, New York County (Bernard J. Fried, J.), rendered July 2, 2002, convicting defendant, upon his plea of guilty, of burglary in the first degree and robbery in the first degree, and sentencing him to concurrent terms of 12½ to 25 years, unanimously affirmed.

After a thorough inquiry at which defendant was represented by new counsel, and after carefully considering all of the arguments made by defendant and his new attorney, the court providently exercised its discretion in denying defendant's motion to withdraw his guilty plea, without a hearing (*see People v Frederick*, 45 NY2d 520 [1978]). During the plea proceedings, the court carefully explained the terms of defendant's promised sentence, including the minimum period of imprisonment, as well as the enhanced sentence that the court would impose if defendant violated his plea agreement while at liberty awaiting sentencing. Defendant acknowledged that he understood these terms, and that there were no other promises. Accordingly, defendant was not entitled to a hearing on his uncorroborated assertion that his prior attorney misadvised him regarding the minimum time he would have to serve (*see People v Ramos*, 63 NY2d 640 [1984]; *People v Jenkins*, 247 AD2d 230 [1998], *lv denied* 91 NY2d 1008 [1998]; *People v Natali*, 193 AD2d 413 [1993], *lv denied* 82 NY2d 723 [1993]; *see also Blackledge v Allison*, 431 US 63, 74 [1977]).

We perceive no basis for reducing the sentence. Concur— Buckley, P.J., Tom, Saxe, Friedman and Marlow, JJ.