Lahtinen, J. (dissenting).
I respectfully dissent from that part of the majority decision directing a hearing regarding the off-the-record discussion that defendant allegedly had with his attorney about sentence exposure.
“The nature and extent of the fact-finding procedures prerequisite to the disposition of [a motion to withdraw a guilty plea] rest largely in the discretion of the Judge to whom the motion is made” and “[o]nly in the rare instance will a defendant be entitled to an evidentiary hearing” (People v Tinsley, 35 NY2d 926, 927 [1974]; see People v Lewis, 46 NY2d 825, 826 [1978]; People v De Gaspard, 170 AD2d 835, 837 [1991], lv denied 77 NY2d 994 [1991]). “As a general rule, ‘[a]bsent a showing that defendant’s plea is baseless, the Judge to whom the motion is addressed must be entitled to rely on the record to ascertain whether any promises, representations, implications and the *815 like were made to the defendant’ and induced his plea of guilty” (People v Ramos, 63 NY2d 640, 642 [1984], quoting People v Frederick, 45 NY2d 520, 525 [1978]). In People v Ramos (63 NY2d at 642), the defense attorney acknowledged providing off-the-record “erroneous sentencing advice” (an issue that defendant’s former attorney in the case currently before us strongly denied in a sworn statement submitted to County Court), but the Court of Appeals nevertheless held in Ramos that “[i]nasmuch as defense counsel’s misadvice concerning the [sentencing] was not placed on the record at the time of the plea, it is not entitled to judicial recognition” (id. at 643).
Here, the plea colloquy was thorough. Defendant (who was no stranger to the criminal justice system) acknowledged that he knowingly violated an order of protection by striking, shoving and kicking the victim. At no time during the plea did he equivocate or otherwise cast any doubt on his culpability for the crime to which he pleaded (see People v Seeber, 4 NY3d 780, 781-782 [2005]; cf. People v Leslie, 98 AD2d 977 [1983]). The same judge who took defendant’s plea heard defendant’s motion to withdraw the plea. On the return date of the motion to withdraw the plea, defendant was present with his new attorney, who argued extensively that the motion should be granted based upon the submitted papers and he made no request to have defendant testify or present any further proof at an evidentiary hearing. As held by the majority, defendant’s arguments in his motion about ample time, undue pressure and ineffective assistance were all belied by the record. The record, of course, could not dispositively reveal what occurred in the purported off-the-record discussion between defendant and his former attorney regarding sentence exposure. Nevertheless, in light of the clear allocution admitting guilt and there being nothing indicating that the plea was baseless, I am unpersuaded that this is one of those rare instances in which the failure to conduct an evidentiary hearing constituted an abuse of discretion. I would therefore affirm defendant’s judgment of conviction. Ordered that the decision is withheld, and matter remitted to the County Court of Franklin County for further proceedings not inconsistent with this Court’s decision.