People v Rados (2022 NY Slip Op 06602)

People v Rados

2022 NY Slip Op 06602

Decided on November 18, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, WINSLOW, AND BANNISTER, JJ.

871 KA 21-00373

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KELLY M. RADOS, DEFENDANT-APPELLANT. 

THE SAGE LAW FIRM GROUP PLLC, BUFFALO (KATHRYN FRIEDMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (SUSAN M. HOWARD OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Orleans County Court (Sanford A. Church, J.), rendered February 24, 2021. The judgment convicted defendant upon a plea of guilty of criminal possession of a forged instrument in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting her upon her plea of guilty of criminal possession of a forged instrument in the third degree (Penal Law § 170.20), defendant contends that County Court erred in denying without an evidentiary hearing her pro se motion to withdraw her guilty plea. We reject that contention.
"When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry 'rest[s] largely in the discretion of the Judge to whom the motion is made' " (People v Brown, 14 NY3d 113, 116 [2010], quoting People v Tinsley, 35 NY2d 926, 927 [1974]; see People v Manor, 27 NY3d 1012, 1013-1014 [2016]). "Only in the rare instance will a defendant be entitled to an evidentiary hearing; often a limited interrogation by the court will suffice. The defendant should be afforded [a] reasonable opportunity to present his [or her] contentions and the court should be enabled to make an informed determination" (Tinsley, 35 NY2d at 927).
Here, the record establishes that defendant was afforded such an opportunity and that the court was able to make an informed determination of the motion (see People v Weems, 203 AD3d 1684, 1684 [4th Dept 2022], lv denied 38 NY3d 1036 [2022]; People v Soriano, 178 AD3d 1376, 1377 [4th Dept 2019], lv denied 34 NY3d 1163 [2020]; People v Sparcino, 78 AD3d 1508, 1509 [4th Dept 2010], lv denied 16 NY3d 746 [2011]). Further, the court did not abuse its discretion in denying the motion. Although defendant claimed innocence and coercion at sentencing, she "admitted each element of the offense during [her] plea allocution and did not claim either that [she] was innocent or that [she] had been coerced by defense counsel at that time" (Sparcino, 78 AD3d at 1509; see People v Steele, 167 AD3d 1514, 1515 [4th Dept 2018], lv denied 33 NY3d 954 [2019]; People v Newsome, 140 AD3d 1695, 1695 [4th Dept 2016]). To the extent that defendant suggested that she was pressured into accepting the plea by defense counsel, that suggestion was "belied by [her] statements during the plea proceeding[]" and, in addition, defendant's "conclusory and unsubstantiated claim[s] of innocence [were] belied by [her] admissions during the plea colloquy" (People v Garner, 86 AD3d 955, 955 [4th Dept 2011]; see People v Haffiz, 19 NY3d 883, 884-885 [2012]; Sparcino, 78 AD3d at 1509).
We have considered defendant's remaining contention and conclude that it does not warrant any relief.
Entered: November 18, 2022
Ann Dillon Flynn
Clerk of the Court