People v Saccone (2022 NY Slip Op 07337)

People v Saccone

2022 NY Slip Op 07337

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, WINSLOW, BANNISTER, AND MONTOUR, JJ.

781 KA 21-00589

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY SACCONE, DEFENDANT-APPELLANT. 

ANTHONY BELLETIER, SYRACUSE, FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Matthew J. Doran, J.), rendered November 19, 2018. The judgment convicted defendant, upon a plea of guilty, of driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs, aggravated vehicular homicide, and leaving the scene of an incident without reporting. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of, inter alia, aggravated vehicular homicide (Penal Law § 125.14 [4]) and leaving the scene of an incident without reporting (Vehicle and Traffic Law § 600 [2] [a]) in satisfaction of an indictment that included three counts of murder in the second degree (Penal Law § 125.25 [2] [depraved indifference murder]). The charges arose from an early morning collision between a vehicle operated by defendant and a vehicle occupied by two teenagers and their 20-year-old friend, all three of whom died of the resultant injuries. According to the indictment, defendant engaged in reckless driving by traveling at a speed of approximately 86 miles per hour on a road with a speed limit of 35 miles per hour, crossing over a double solid yellow line in the road, and going through a red light at an intersection, where he struck the victims' vehicle broadside. Defendant allegedly was under the combined influence of cocaine and alcohol, with an estimated blood alcohol content of .18% at the time of the accident. Following the collision, defendant fled the scene on foot and did not call for help or check on the victims. The police K—9 unit tracked defendant to his mother's nearby house where he was hiding and placed him under arrest. Pursuant to the plea agreement, County Court sentenced defendant to an aggregate indeterminate term of imprisonment of 10 to 30 years.
Prior to sentencing, defendant moved to withdraw his plea, contending that he was factually innocent and that the plea was involuntarily entered because he did not have enough time to discuss the plea offer with his attorney, who, inter alia, pressured him into pleading guilty and failed to conduct a proper investigation. We reject defendant's contention that the court abused its discretion in denying the motion without a hearing (see People v Rivera, 195 AD3d 1591, 1591-1592 [4th Dept 2021], lv denied 37 NY3d 995 [2021]). "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rest[] largely in the discretion of the Judge to whom the motion is made and a hearing will be granted only in rare instances" (People v Brown, 14 NY3d 113, 116 [2010] [internal quotation marks omitted]; see People v Manor, 27 NY3d 1012, 1013-1014 [2016]). Here, although the court did not conduct a hearing, it "allowed defendant to argue his motion to withdraw his plea, thus giving him a reasonable opportunity to advance his claims" (People v Shorter, 179 AD3d 1445, 1446 [4th Dept 2020], lv denied 35 NY3d 974 [2020]). Moreover, the court properly denied the motion. Defendant's claims that his attorney pressured him were belied by his statements during the plea colloquy that he was satisfied with the services provided by his attorney and that no one had coerced or threatened him into pleading guilty (see People v Rodgers, 162 AD3d 1500, 1501-1502 [4th Dept 2018], lv denied 32 NY3d 940 [2018]). Similarly, "defendant was not entitled to [*2]a hearing on his uncorroborated assertion that his . . . attorney misadvised him regarding the minimum time he would have to serve" before he would be released on parole inasmuch as defendant stated that his plea was not influenced by any off-the-record promises or representations (People v Avery, 18 AD3d 244, 244 [1st Dept 2005], lv denied 5 NY3d 825 [2005]; see People v Ramos, 63 NY2d 640, 643 [1984]). Defendant also admitted during the colloquy to all the elements of the crimes to which he pleaded guilty, and his subsequent assertions of innocence were unsubstantiated (see People v Fox, 204 AD3d 1452, 1453 [4th Dept 2022], lv denied 39 NY3d 940 [2022]).
Defendant further contends that his plea was not knowingly, voluntarily, and intelligently entered. Defendant's claims that he was coerced into pleading guilty by a "gross overcharge" in the indictment and because the court rushed him into making a decision are not preserved for our review because he did not raise those particular arguments in his motion to withdraw the plea (see People v Gray, 189 AD3d 2135, 2135 [4th Dept 2020], lv denied 36 NY3d 1120 [2021]). Although preserved, we reject defendant's contention that he was coerced into pleading guilty by "baseless" new misdemeanor charges that were ultimately dismissed. The fact that a possible new prosecution "may have influenced defendant's decision to plead guilty is insufficient to establish that the plea was coerced" (People v Hobby, 83 AD3d 1536, 1536 [4th Dept 2011], lv denied 17 NY3d 859 [2011]; see People v Williams, 170 AD3d 1666, 1667 [4th Dept 2019]; see generally People v Hollman, 197 AD3d 484, 486-487 [2d Dept 2021], lv denied 37 NY3d 1146 [2021]).
To the extent that defendant contends that his plea was involuntary because he showed "reluctance" during the colloquy, we reject that contention. It is true, as defendant points out, that he made several statements during the plea colloquy in which he appeared to dispute some of the facts alleged by the People. The record establishes, however, "that the court conducted the requisite further inquiry and that defendant's responses to the court's subsequent questions removed any doubt about his guilt" (People v Tapia, 158 AD3d 1079, 1080 [4th Dept 2018], lv denied 31 NY3d 1088 [2018]; see People v Lopez, 71 NY2d 662, 666 [1988]).
Defendant contends that his waiver of the right to appeal is invalid and that his negotiated sentence is unduly harsh and severe considering that he has no prior criminal record and received "very close" to the maximum aggregate sentence permitted by law for the two felonies to which he pleaded guilty. Even assuming, arguendo, that defendant's waiver of the right to appeal is unenforceable and thus does not preclude our review of his challenge to the severity of his sentence (see People v Lobdell, 203 AD3d 1573, 1574 [4th Dept 2022], lv denied 38 NY3d 1034 [2022]; People v Martin, 199 AD3d 1402, 1402 [4th Dept 2021], lv denied 37 NY3d 1162 [2022]), we perceive no basis in the record to exercise our power to modify the negotiated sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]). As noted, defendant's plea satisfied three counts of murder in the second degree, thereby reducing his sentencing exposure (see generally People v Hogan, 269 AD2d 787, 787 [4th Dept 2000], lv denied 95 NY2d 798 [2000]).
Defendant's challenge to the sufficiency of the grand jury evidence with respect to the three counts of murder in the second degree that were dismissed as satisfied by the plea is not properly before us (see People v Pelchat, 62 NY2d 97, 108 [1984]).
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court