People v Husted (2023 NY Slip Op 02229)

People v Husted

2023 NY Slip Op 02229

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

306 KA 22-01271

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PAUL HUSTED, DEFENDANT-APPELLANT. 

CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Rory A. McMahon, J.), rendered June 29, 2022. The judgment convicted defendant upon his plea of guilty of disseminating indecent material to minors in the first degree, use of a child in a sexual performance, possessing a sexual performance by a child, endangering the welfare of a child and sexual abuse in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of disseminating indecent material to minors in the first degree as a sexually motivated felony (Penal Law §§ 130.91, 235.22), use of a child in a sexual performance as a sexually motivated felony
(§§ 130.91, 263.05), possessing a sexual performance by a child (§ 263.16), endangering the welfare of a child (§ 260.10 [1]), and two counts of sexual abuse in the first degree (§ 130.65 [4]), defendant contends that his waiver of the right to appeal is invalid and that his sentence is unduly harsh and severe. Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and therefore does not preclude our review of his challenge to the severity of his sentence (see People v Seay, 201 AD3d 1361, 1361-1362 [4th Dept 2022]), we conclude that the sentence is not unduly harsh or severe.
Contrary to defendant's further contention, County Court did not abuse its discretion in denying his motion to withdraw his plea of guilty without additional inquiry. "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rest[] largely in the discretion of the Judge to whom the motion is made and a hearing will be granted only in rare instances" (People v Brown, 14 NY3d 113, 116 [2010] [internal quotation marks omitted]). Where the motion is "patently insufficient on its face, a court may simply deny the motion without making any inquiry" (People v Mitchell, 21 NY3d 964, 967 [2013]). Here, in response to defendant's initial pro se motion to withdraw his plea of guilty, the court assigned new defense counsel and allowed counsel to file supplemental motion papers. Thus, the court allowed defendant "reasonable opportunity to advance his claims," and no further inquiry was required (People v Saccone, 211 AD3d 1520, 1521 [4th Dept 2022], lv denied — NY3d — [2023] [internal quotation marks omitted]; see People v Harris, 206 AD3d 1711, 1712 [4th Dept 2022], lv denied 38 NY3d 1188 [2022]). The court did not abuse its discretion in denying the motion inasmuch as all of defendant's claims are belied by the transcript of the plea colloquy (see People v Rados, 210 AD3d 1516, 1517-1518 [4th Dept 2022]; People v Floyd, 210 AD3d 1530, 1531 [4th Dept 2022], lv denied 39 NY3d 1072 [2023]; see also People v Freeland, 198 AD3d 1380, 1380 [4th Dept 2021]).
Defendant failed to preserve for our review his contention that his plea of guilty was not [*2]knowing, intelligent, and voluntary because "his motion to withdraw his plea was made on grounds different from those advanced on appeal" (People v Gibson, 140 AD3d 1786, 1787 [4th Dept 2016], lv denied 28 NY3d 1072 [2016]). This case does not fall within the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]), and we decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court