■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH DADDONA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered September 11, 1990, convicting him of criminal possession of stolen property in the third degree (three counts), criminal possession of stolen property in the fifth degree, and operating as an unlicensed vehicle dismantler, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the sentence imposed on the conviction of operating as an unlicensed vehicle dismantler from an indeterminate term of 1½ to 3 years imprisonment to an indeterminate term

of 1 to 3 years imprisonment; as so modified, the judgment is affirmed.

We agree with the defendant's contention that the court erred in denying his request for a circumstantial evidence charge with respect to the charges of criminal possession of stolen property in the third degree and operating as an unlicensed vehicle dismantler since all of the evidence offered in support of these charges was circumstantial in nature (see, People v Ford, 66 NY2d 428; People v Sanchez, 61 NY2d 1022). Nevertheless, we find that this error was harmless beyond a reasonable doubt as the evidence adduced at trial overwhelmingly established the defendant's guilt and excluded to a moral certainty every reasonable hypothesis of innocence (see, People v Sumter, 173 AD2d 659; People v Borazzo, 137 AD2d 96).

The evidence provided by police surveillance of a garage in July and August 1989 established that the defendant aided and abetted his companions in their possession of the stolen vehicles and in their operation of an unlicensed vehicle dismantling shop. When the defendant's companions drove the stolen vehicles to the premises, the defendant was observed assisting them by hand signals as they negotiated the narrow driveway leading to the garage. The vehicles arrived in good condition but were missing various parts when they emerged from the garage. The defendant was observed loading parts from one of the stolen vehicles into a station wagon, and dismantling tools were found when the police searched the garage.

With respect to the sentence imposed, we agree with the defendant's contention that the court erred in imposing an enhanced sentence for his conviction of operating as an unlicensed vehicle dismantler. The minimum term imposed for this crime was one-half, rather than one-third, the maximum term of three years, based on the court's finding that the defendant was a second felony offender. Penal Law § 70.06 (1) (a) defines a second felony offender as a person convicted of a felony "defined in this chapter" who has previously been convicted of a felony. Since operating as an unlicensed vehicle dismantler is a felony defined in the Vehicle and Traffic Law, not in the Penal Law (see, Vehicle and Traffic Law § 415-a [1]), the defendant was improperly sentenced as a second felony offender (see, e.g., People v Butts, 127 AD2d 777; People v Clearwater, 98 AD2d 912). We have reduced his sentence accordingly.

The court properly declined to charge the jury pursuant to

Penal Law § 20.10. The defendant's remaining contentions are without merit. Mangano, P. J., Sullivan, O'Brien and Ritter, JJ., concur.