■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CAMMARATA, Appellant. [629 NYS2d 716] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Supreme Court for resentencing in accordance with the following Memorandum: Defendant made a voluntary, knowing and intelligent waiver of his right to appeal *(see, People v Moissett,* 76 NY2d 909). His contention that his sentence is unduly harsh or severe does not survive the waiver *(see, People v Allen,* 82 NY2d 761, 763; *People v Saunders,* 190 AD2d 1092, *lv denied* 81 NY2d 1019).

The People concede, however, that defendant was illegally sentenced as a second felony offender on his conviction of aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a]) and felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c]) because sentencing as a second felony offender applies only to Penal Law violations *(see, People v Daddona,* 181 AD2d 688, *affd* 81 NY2d 990; Penal Law § 70.06 [1] [a]). Although defendant failed to preserve that issue for our review, the right

to appeal from an unlawful sentence may not be waived *(see, People v Seaberg,* 74 NY2d 1, 9). The further contention of defendant that he should be resentenced on his conviction for reckless endangerment in the first degree (Penal Law § 120.25) is without merit *(see,* Penal Law § 70.06 [1] [a]). We, therefore, vacate the sentences imposed for aggravated unlicensed operation of a motor vehicle in the first degree and felony driving while intoxicated, and we remit the matter to Supreme Court for resentencing. (Appeal from Judgment of Supreme Court, Erie County, Sconiers, J.—Reckless Endangerment, 1st Degree.) Present—Pine, J. P., Fallon, Doerr, Balio and Boehm, JJ.