THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY E. ATTEA, Appellant. [703 NYS2d 804] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Supreme Court for resentencing in accordance with the following Memorandum: Defendant was illegally sentenced as a second felony offender on the count of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [2]; § 1193 [1] [c]). Under Penal Law § 70.06 (1) (a), only a person convicted of a felony defined by the Penal Law may be sentenced as a second felony offender (see, People v Cammarata, 216 AD2d 965; People v Morris, 86 AD2d 763; People v Smith, 58 AD2d 635). Although defendant waived his right to appeal, that waiver does not encompass the right to challenge the legality of a sentence (see, People v Seaberg, 74 NY2d 1, 9). We therefore modify the judgment by vacating the sentence imposed for felony driving while intoxicated, and we remit the matter to Supreme Court for resentencing on that count. (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Felony Driving While Intoxicated.) Present—Wisner, J. P., Pigott, Jr., Hurlbutt and Balio, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DESHARD D. WRIGHT, Also Known as MONEY, Also Known as D., Appellant. (Appeal No. 1.) [703 NYS2d 786] —Judgment unanimously affirmed. Memorandum: County Court properly denied defendant's motion to suppress identification testimony. The People met their initial burden of establishing that the conduct of the police was reasonable and that the photo array was not unduly suggestive, and defendant failed to meet his "ultimate burden of proving that the procedure was unduly suggestive" (People v Chipp, 75 NY2d 327, 335, cert denied 498 US 833; see, People v Bell, 265 AD2d 813). The conviction is supported by legally sufficient evidence and the verdict is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). Defendant did not preserve for our review his contention that the court erred in failing to consider or grant him youthful offender status (see, People v King, 254 AD2d 814, lv denied 92 NY2d 983; People v Granton, 236 AD2d 624, 625, lv denied 89 NY2d 1012), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]). (Appeal from Judgment of Oneida County Court, Donalty, J.—Assault, 3rd Degree.) Present—Wisner, J. P., Pigott, Jr., Hurlbutt and Balio, JJ.