■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM D. HARRIS, Appellant. [880 NYS2d 448]—

Appeal from a judgment of the Erie County Court (Debra L. Givens, A.J.), rendered January 28, 2008. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal contempt in the first degree (Penal Law § 215.51 [c]), defendant contends that County Court erred in failing to conduct an evidentiary hearing before denying his oral motion to withdraw his guilty plea. We reject that contention. "Only in the rare instance will a defendant be entitled to an evidentiary hearing [on such a motion] . . . The defendant should be afforded a reasonable opportunity to present his contentions and the court should be enabled to make an informed determination" (*People v Tinsley*, 35 NY2d 926, 927 [1974]). Here, the court adjourned the sentencing proceedings several times and afforded defendant multiple opportunities to present his contentions to the court with respect to the motion. Those contentions, i.e., that defendant was denied effective assistance of counsel and that the plea was coerced by defense counsel's "stories," are belied by his statements during the plea colloquy (*see People v Farley*, 34 AD3d 1229 [2006], *lv denied* 8 NY3d 880 [2007]).

Contrary to the further contention of defendant, he forfeited

his right to be present at sentencing by willfully absenting himself from the courtroom "for the purpose of frustrating the sentencing process" (*People v Weinberg*, 183 AD2d 932, 935 [1992], *lv denied* 80 NY2d 977 [1992]; *see People v Corley*, 67 NY2d 105, 109-110 [1986]). Defendant failed to preserve for our review his contention concerning the order of protection (*see generally People v Nieves*, 2 NY3d 310, 315-317 [2004]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Martoche, J.P., Smith, Fahey, Carni and Green, JJ.