■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALIK J. HAMILTON, Appellant. [996 NYS2d 454]—

Appeal from a judgment of the Chautauqua County Court (John T. Ward, J.), rendered January 20, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends that County Court erred in summarily denying his motion to withdraw his plea. We reject that contention. "Permission to withdraw a guilty plea rests solely within the court's discretion . . . , and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea" (*People v Robertson*, 255 AD3d 968, 968 [1998], *lv denied* 92 NY2d 1053 [1999]; *see People v Zimmerman*, 100 AD3d 1360, 1362 [2012], *lv denied* 20 NY3d 1015 [2013]). " 'Only in the rare instance will defendant be entitled to an evidentiary hearing; often a limited interrogation by the court will suffice. The defendant should be afforded [a] reasonable opportunity to present his contentions and the court should be enabled to make an

informed determination' " (*Zimmerman*, 100 AD3d at 1362, quoting *People v Tinsley*, 35 NY2d 926, 927 [1974]). Here, the court "was presented with a credibility determination when defendant moved to withdraw his plea and advanced his belated claims of innocence[,] . . . coercion" and ineffective assistance of counsel, and the court did not abuse its discretion in discrediting those claims (*People v Sparcino*, 78 AD3d 1508, 1509 [2010], *lv denied* 16 NY3d 746 [2011]). The record establishes that defendant understood the consequences of his plea and that he was pleading guilty in exchange for a negotiated sentence that was less than the maximum term of imprisonment, and we thus conclude that the plea was knowingly and voluntarily entered (*see People v Cubi*, 104 AD3d 1225, 1226-1227 [2013], *lv denied* 21 NY3d 1003 [2013]).

We further reject defendant's contention that the plea colloquy was factually insufficient. Although defendant did not use the word "guilty" during the colloquy, he fully admitted to the conduct alleged in the superior court information constituting the crime of criminal possession of a controlled substance in the third degree (*see People v Sadness*, 300 NY 69, 73 [1949], *cert denied* 338 US 952 [1950]; *cf. People v Bellis*, 78 AD2d 1014, 1014 [1980]). Defendant's sentence is not unduly harsh or severe. Present—Centra, J.P., Fahey, Carni, Sconiers and Valentino, JJ.