# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

146

KA 12-02153

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ANTHONY T. HENDERSON, JR., ALSO KNOWN AS BUTTER,
DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW DUBRIN OF
COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL),
FOR RESPONDENT.

-----------------------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered September 26, 2012. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that County Court erred in summarily denying his pro se motion to withdraw his plea. We agree. In support of his motion, which was made at sentencing, defendant repeatedly asserted that his attorney advised him before he pleaded guilty that he could withdraw his plea at any time prior to sentencing. Although defense counsel responded that he advised defendant to plead guilty in order to take advantage of what he believed to be an advantageous plea offer, he did not deny that he told defendant that his plea could be withdrawn. The court denied the motion without a hearing and imposed the promised sentence.

It is well settled that permission to withdraw a guilty plea rests largely within the court's discretion (*see People v Brown*, 14 NY3d 113, 116), and " 'refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea' " (*People v Hamilton*, 122 AD3d 1439, 1439; *see People v Zimmerman*, 100 AD3d 1360, 1362, *lv denied* 20 NY3d 1015). "Only in the rare instance will a defendant be entitled to an evidentiary hearing" (*People v Tinsley*, 35 NY2d 926, 927). Here, if defendant was advised by counsel that he could withdraw his plea prior to sentencing, as he alleged and counsel did not deny, then his plea was not voluntarily and intelligently entered because it was based at least in part upon his mistaken

understanding of the law.  Under the circumstances, we conclude that defendant's motion was not "patently insufficient on its face" to permit the court to deny it summarily (*People v Mitchell*, 21 NY3d 964, 967; *see generally People v Smith*, 122 AD3d 1300, 1301-1302, *lv denied* 25 NY3d 1172).

We note that our decision in *People v Montgomery* (63 AD3d 1635, *lv denied* 13 NY3d 798) is not to the contrary.  The defendant in that case likewise moved to withdraw his plea, contending that his attorney told him that he retained the right to withdraw his plea at any time prior to sentencing.  Although we held therein that the court properly denied the motion without a hearing, the record on appeal shows that the parties stipulated that, if called as a witness, the defense attorney would testify that he never told defendant that he could withdraw his plea prior to sentencing.  We wrote that "[t]he issue whether defense counsel made the alleged statement presented a credibility issue that the court was entitled to resolve against defendant after affording him a reasonable opportunity to be heard" (*id.* at 1636).  Here, there is no such stipulation, and we therefore do not know what defense counsel would have said if he had been asked whether he advised defendant that he could withdraw his plea.  We thus conclude that a hearing is required, and we hold the case, reserve decision and remit the matter to County Court for that purpose.

Entered:  March 25, 2016                          Frances E. Cafarell
                                                  Clerk of the Court