# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**986**

**KA 12-01527**

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

MATTHEW V. NOCE, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered July 25, 2012. The judgment convicted defendant, upon his plea of guilty, of assault in the first degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon his plea of guilty of assault in the first degree (Penal Law § 120.10 [1]), defendant contends that County Court abused its discretion in denying his motion to withdraw his plea without a hearing. We agree.

This case arises from an incident in which defendant unlawfully entered his ex-girlfriend's home, found a man sleeping in her bed, and repeatedly struck him about the head with a blunt object. During the plea colloquy, it was noted that defendant "had some kind of brain surgery" in the weeks before the assault. The court asked defendant if he had discussed with defense counsel whether the recent brain surgery "would raise any issue," and defendant responded, "I'm told no." Defendant thereafter submitted a sentencing memorandum that included a report from a neurologist who stated that, only 22 days before the assault, defendant underwent resection of a portion of his brain and was prescribed multiple medications.

Before sentencing, defendant discharged his counsel and moved through new counsel to withdraw his guilty plea. In his affidavit in support of the motion, defendant stated that he had wanted to go to trial and assert a psychiatric defense instead of pleading guilty, but his prior defense attorney had falsely told him that such a defense was unavailable because his neurosurgeon had refused to testify at trial. Defendant also submitted an affidavit from his neurosurgeon, who stated that he never spoke to defendant's prior attorney and never

refused to testify.  In a responding affirmation, the prosecutor stated that, upon information and belief, defendant's prior attorney did not tell defendant that his neurosurgeon had refused to testify.

It is well settled that the determination whether to grant a motion to withdraw a guilty plea is within the court's discretion and that a defendant is entitled to an evidentiary hearing only in rare instances (*see People v Manor*, 27 NY3d 1012, 1013; *People v Henderson*, 137 AD3d 1670, 1670-1671).  The denial of such a motion is not an abuse of discretion "unless there is some evidence of innocence, fraud, or mistake in inducing the plea" (*Henderson*, 137 AD3d at 1671 [internal quotation marks omitted]).  Here, if the allegations in defendant's affidavit are true, then defendant's plea was not voluntarily and intelligently entered inasmuch as it was based upon a mistaken belief that a psychiatric defense was unavailable (*see id.*).  We therefore conclude that defendant's motion was not "patently insufficient on its face" (*People v Mitchell*, 21 NY3d 964, 967), and that the court abused its discretion in denying the motion without an evidentiary hearing (*see Henderson*, 137 AD3d at 1671).  Thus, we hold the case, reserve decision, and remit the matter to County Court for a hearing on defendant's motion.

Entered:  December 23, 2016

Frances E. Cafarell
Clerk of the Court