THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZACHARY J. BARRETT, Appellant. [62 NYS3d 653]—

Appeal from a judgment of the Allegany County Court (Thomas P. Brown, J.), rendered March 2, 2016. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of grand larceny in the fourth degree (Penal Law § 155.30 [4]). Defendant failed to preserve for our review his challenge to the factual sufficiency of the plea allocution inasmuch as his motion to withdraw his plea was made on grounds different from those advanced on appeal (*see People v Gibson*, 140 AD3d 1786, 1787 [2016], *lv denied* 28 NY3d 1072 [2016]; *People v Green*, 132 AD3d 1268, 1268-1269 [2015], *lv denied* 27 NY3d 1069 [2016], *denied reconsideration* 28 NY3d 930 [2016]). We conclude that this case does not fall within the rare exception to the preservation requirement because defendant did not negate an element of the pleaded-to offense during the colloquy or otherwise cast significant doubt on his guilt or call into question the voluntariness of the plea (*see People v Lopez*, 71 NY2d 662, 666 [1988]). In any event, defendant's contention is without merit (*see People v Madden*, 148 AD3d 1576, 1578 [2017], *lv denied* 29 NY3d 1034 [2017]). Contrary to defendant's further contention, his " 'yes' and 'no' answers during the plea colloqu[y] do not invalidate his guilty plea[ ]" (*People v Russell*, 133 AD3d 1199, 1199 [2015], *lv denied* 26 NY3d 1149 [2016]).

Defendant also contends that the plea was not knowingly, intelligently and voluntarily entered because County Court

misinformed him of the minimum sentence to which he was exposed. Defendant's contention is not preserved for our review inasmuch as he did not move to withdraw the plea or to vacate the judgment of conviction on that ground (*see People v Morrison*, 78 AD3d 1615, 1616 [2010], *lv denied* 16 NY3d 834 [2011]; *see also People v Rossborough*, 105 AD3d 1332, 1333 [2013], *lv denied* 21 NY3d 1045 [2013]), nor did the court expressly decide the question raised on appeal (*see* CPL 470.05 [2]; *People v Jackson*, 29 NY3d 18, 23 [2017]).

Contrary to defendant's contention, the court did not abuse its discretion in denying his motion to withdraw his plea. Defendant made his motion on the ground that he had entered the guilty plea without considering or understanding the consequences thereof because he was emotionally distraught by the prospect of continued incarceration and would be released from custody pending sentencing, and because he had insufficient time to discuss the plea with defense counsel. " 'The determination whether to permit a defendant to withdraw a guilty plea rests within the sound discretion of the court' . . . , and 'a court does not abuse its discretion in denying a motion to withdraw a guilty plea where[, as here,] the defendant's allegations in support of the motion are belied by the defendant's statements during the plea proceeding' " (*People v Lewicki*, 118 AD3d 1328, 1329 [2014], *lv denied* 23 NY3d 1064 [2014]).

Finally, defendant contends that the court erred in failing to conduct an evidentiary hearing before denying his further motion to withdraw his plea, which was made at sentencing on the ground that the prosecutor had a conflict of interest. We reject that contention. Here, defendant was "afforded [a] reasonable opportunity to present his contentions," and the court made "an informed determination" in denying the motion on the merits (*People v Tinsley*, 35 NY2d 926, 927 [1974]). The record establishes that the prosecutor briefly represented defendant in an unrelated criminal matter several years before the instant action, and there is no indication of "actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence" (*People v Martin*, 2 AD3d 1336, 1337 [2003], *lv denied* 1 NY3d 630 [2004] [internal quotation marks omitted]; *see People v Tyler*, 209 AD2d 1028, 1029 [1994], *lv denied* 85 NY2d 915 [1995]). Present—Whalen, P.J., Peradotto, Lindley, NeMoyer and Curran, JJ.