People v McDonald (2018 NY Slip Op 00657)





People v Mcdonald


2018 NY Slip Op 00657


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, AND WINSLOW, JJ.


47 KA 14-00040

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ISAAC L. MCDONALD, DEFENDANT-APPELLANT. 






KATHLEEN A. KUGLER, CONFLICT DEFENDER, LOCKPORT (EDWARD P. PERLMAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (LAURA T. BITTNER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Niagara County Court (Sara S. Farkas, J.), rendered December 11, 2013. The appeal was held by this Court by order entered February 6, 2015, decision was reserved and the matter was remitted to Niagara County Court for further proceedings (125 AD3d 1280). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence imposed on count three of the superior court information and as modified the judgment is affirmed, and the matter is remitted to Niagara County Court for resentencing on that count.
Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of, inter alia, rape in the third degree (Penal Law § 130.25 [2]), and failure to register internet identifiers (Correction Law § 168-f [4]). We previously held the case, reserved decision, and remitted the matter to County Court to rule on defendant's motion to withdraw his plea of guilty (People v McDonald, 125 AD3d 1280, 1280 [4th Dept 2015]). Upon remittal, the court denied the motion, and we conclude that the court did not thereby abuse its discretion. It is well settled that the denial of a motion to withdraw a guilty plea is not an abuse of discretion "unless there is some evidence of innocence, fraud, or mistake in inducing the plea" (People v Henderson, 137 AD3d 1670, 1671 [4th Dept 2016] [internal quotation marks omitted]; see People v Noce, 145 AD3d 1456, 1457 [4th Dept 2016]; People v Ernst, 144 AD3d 1605, 1606 [4th Dept 2016], lv denied 28 NY3d 1144 [2017]), and defendant presented no such evidence here.
Defendant's valid waiver of the right to appeal forecloses review of his challenge to the severity of the sentence (see People v Lococo, 92 NY2d 825, 827 [1998]).
Nevertheless, it is well settled that "even a valid waiver of the right to appeal will not bar [review of] an illegal sentence" (People v Fishel, 128 AD3d 15, 17 [3d Dept 2015]; see People v Lopez, 6 NY3d 248, 255 [2006]), and we note that the sentence imposed by the court on count three of the superior court information, i.e., a determinate term of incarceration for failure to register internet identifiers as a class D felony, is illegal. That crime is defined in the Correction Law, and "only a person convicted of a felony defined by the Penal Law may be sentenced as a second felony offender" to a determinate term of incarceration (People v Attea, 269 AD2d 829, 829 [4th Dept 2000]; see People v Cammarata, 216 AD2d 965, 965 [4th Dept 1995]; cf. Penal Law § 70.80 [1] [a]). "Although [the] issue was not raised before the [sentencing] court or on appeal, we cannot allow an [illegal] sentence to stand" (People v Gibson, 52 AD3d 1227, 1227-1228 [4th Dept 2008] [internal quotation marks omitted]). We therefore modify the judgment by vacating the sentence imposed on count three, and we remit the matter to County Court for resentencing on that count.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court