People v Stutzman (2018 NY Slip Op 00981)





People v Stutzman


2018 NY Slip Op 00981


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


115 KA 15-01657

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CRISTY L. STUTZMAN, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.
PATRICK E. SWANSON, DISTRICT ATTORNEY, MAYVILLE (EMILY A. WOODARD OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Chautauqua County Court (John T. Ward, J.), rendered July 6, 2015. The judgment convicted defendant, upon her plea of guilty, of unlawful manufacture of methamphetamine in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her, upon her plea of guilty, of unlawful manufacture of methamphetamine in the third degree (Penal Law § 220.73 [2]). As the People correctly concede, defendant's waiver of the right to appeal is invalid (see People v Bouton, 107 AD3d 1035, 1036 [3d Dept 2013], lv denied 21 NY3d 1072 [2013]).
Defendant's contention that her plea was not knowingly, voluntarily and intelligently entered is preserved for our review only with respect to the contentions that she raised in her motion to withdraw the plea (see id. at 1037), i.e., that the plea was coerced and that she was innocent because she had a defense to one of the charges that was satisfied by her plea. Thus, defendant failed to preserve for our review her remaining contentions, including that her colloquy was insufficient because she gave only one-word answers to County Court's questions regarding her rights and that she made statements at sentencing that cast doubt on the voluntariness of the plea. In any event, we reject all of defendant's contentions.
With respect to defendant's unpreserved contentions, the Court of Appeals has "said repeatedly that there is no requirement for a uniform mandatory catechism of pleading defendants" (People v Seeber, 4 NY3d 780, 781 [2005] [internal quotation marks omitted]). Thus, contrary to defendant's contention, her " yes' and no' answers during the plea colloqu[y] do not invalidate [her] guilty plea[]" (People v Russell, 133 AD3d 1199, 1199 [4th Dept 2015], lv denied 26 NY3d 1149 [2016]; see People v Barrett, 153 AD3d 1600, 1600 [4th Dept 2017], lv denied — NY3d — [Dec. 28, 2017]). Defendant's comments at sentencing do not "cast doubt upon [her] guilt and the voluntariness of [her] plea" such that further inquiry from the court at sentencing was required (People v Gresham, 151 AD3d 1175, 1177 [3d Dept 2017]; see People v Jackson, 273 AD2d 937, 937 [4th Dept 2000], lv denied 95 NY2d 906 [2000]; see generally People v Vogt, 150 AD3d 1704, 1705 [4th Dept 2017]).
With respect to defendant's preserved contentions in support of her motion to withdraw her plea, i.e., that the plea was coerced and that she was innocent because she had a defense to one of the charges that was satisfied by the plea, defendant contends that the court abused its discretion in denying her motion to withdraw her plea without conducting a hearing. It is well settled that "the nature and extent of the fact-finding inquiry rest[s] largely in the discretion of the Judge to whom the motion is made and a hearing will be granted only in rare instances" (People v Manor, 27 NY3d 1012, 1013 [2016] [internal quotation marks omitted]). Here, the court did not abuse its discretion in denying the motion in the absence of "some evidence of innocence, [*2]fraud, or mistake in inducing the plea" (People v Noce, 145 AD3d 1456, 1457 [4th Dept 2016] [internal quotation marks omitted]). Indeed, most of defendant's contentions regarding the motion, including her protestations of innocence, were belied by the affidavits submitted in support of the motion (see generally People v Culver, 94 AD3d 1427, 1427-1428 [4th Dept 2012], lv denied 19 NY3d 1025 [2012]).
Finally, the sentence is not unduly harsh or severe.
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court