People v Loper (2025 NY Slip Op 03921)

People v Loper

2025 NY Slip Op 03921

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

482 KA 24-00655

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JASON L. LOPER, DEFENDANT-APPELLANT. 

ALAN P. REED, BATH, FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Steuben County Court (Chauncey J. Watches, J.), rendered April 10, 2024. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the fourth degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Steuben County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of grand larceny in the fourth degree (Penal Law § 155.30 [1]), defendant contends that he received ineffective assistance of counsel that infected his guilty plea. "[I]n the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of [defense] counsel" (People v Dale, 142 AD3d 1287, 1290 [4th Dept 2016], lv denied 28 NY3d 1144 [2017] [internal quotation marks omitted]). Upon our review of the record, we conclude that defendant was afforded meaningful representation here. To the extent that defendant contends that certain conversations and advice from defense counsel gave rise to ineffective assistance of counsel and also established that his plea was involuntary, those contentions are "based on matters outside the record and must therefore be raised by way of a motion pursuant to CPL article 440" (id. [internal quotation marks omitted]; see People v Irby, 158 AD3d 1050, 1051 [4th Dept 2018], lv denied 31 NY3d 1014 [2018]).
Defendant further contends that County Court erred in denying his ostensible motion to withdraw his guilty plea without permitting defense counsel an opportunity to either make the motion or to explain why she was unable to do so. Defense counsel had stated at a presentencing appearance that, although defendant wished to withdraw his plea, "the basis for him to do so . . . necessarily require[d] some analysis of [defense counsel's] handling of his case." Defense counsel thus informed the court that she believed she was not "ethically allowed to continue representing [defendant] on that application," and she asked the court to appoint new counsel who could "properly handle [defendant's] application." The court did not address defense counsel's concerns and, without permitting defendant an opportunity to speak, stated that it was denying the motion to withdraw the plea. Although defendant thereafter attempted to speak to the court regarding his desire to proceed to trial, the court did not engage with defendant and instead began discussing issues of sentencing with the prosecutor.
Although the nature and extent of the fact-finding inquiry on a motion to withdraw a guilty plea rests "largely in the discretion of the Judge to whom the motion is made" (People v Brown, 14 NY3d 113, 116 [2010] [internal quotation marks omitted]), that exercise of discretion presupposes that a motion has, in fact, been articulated. Thus, when moving to withdraw a plea, a "defendant should be afforded [a] reasonable opportunity to present his [or her] contentions [in support of the motion] and the court should be enabled to make an informed determination based thereon" (People v Buske, 87 AD3d 1354, 1355 [4th Dept 2011], lv denied 18 NY3d 882 [2012] [internal quotation marks omitted]; see People v Tinsley, 35 NY2d 926, 927 [1974]; People v [*2]Harris, 63 AD3d 1653, 1653 [4th Dept 2009], lv denied 13 NY3d 744 [2009]). Here, to the extent that defense counsel made a motion to withdraw the plea in the first place, the court erred in summarily denying the motion without providing either defense counsel or defendant an opportunity to state the contentions in support of the motion (see generally People v Henderson, 137 AD3d 1670, 1671 [4th Dept 2016]). We therefore hold the case, reserve decision, and remit the matter to County Court so the court can afford defendant a reasonable opportunity to state the contentions in support of his motion to withdraw his guilty plea and, if appropriate, hold a hearing before deciding the motion (see generally id.).
To the extent that defendant contends that his plea was rendered involuntary for reasons other than ineffective assistance of counsel, we note that such a contention must be preserved by a motion to withdraw the guilty plea or to vacate the judgment of conviction on that ground (see People v Barrett, 153 AD3d 1600, 1600-1601 [4th Dept 2017], lv denied 30 NY3d 1058 [2017]). In light of our determination, we do not address defendant's contention at this time.
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court