Per Curiam.

These áre others in the list of cases in which appellate review is sought of the denial of a defendant’s motion to withdraw a plea of guilty previously entered. The nature and extent of the fact-finding procedures prerequisite to the disposition of such motions rest largely in the discretion of the Judge to whom the motion is made. Only in the rare instance will a defendant be entitled to an evidentiary hearing; often a limited interrogation by the court will suffice. The defendant should be afforded reasonable opportunity to present bis contentions and the court should be enabled to make an informed determination in accordance with the principles laid down in People v. Nixon (21 N Y 2d 338). and associated cases. The determination in People v. McClain (32 N Y 2d 697) was made in the light of such objectives.
In Tinsley no claim is made of deficiency in the inquiries at the time the plea was entered. Bather the assertion is that defendant was under such personal pressures at the time as to render his plea defective. Procedurally he claims that as a minimum he was entitled to a hearing before the denial of his motion. We conclude that the opportunity given defendant at the time the motion was made to withdraw his plea — to speak for himself and to have his counsel address the court on his behalf — met the required procedural standard. Further we find no substantive error in the denial of his motion. Accordingly, the order of the Appellate Division in Tinsley should be affirmed.
In Vaughan defendant, continuing to protest his innocence, asserted that he had earlier entered a plea of guilty because he had no witnesses to testify on his behalf; that he had 'been threatened by the court with a 15-year sentence if he did not plead; that he was dissatisfied with his assigned counsel because of alleged misrepresentations, coercion and deceit; and that his plea was entered under duress. The court summarily denied defendant’s motion to withdraw his plea made just one month *928 before. In these circumsthnces, and noting that the District Attorney now joins in defendant’s application, we conclude in this case that the summary denial of defendant’s motion was error. Defendant’s sentence should therefore be vacated and the case remitted for reconsideration of defendant’s motion to withdraw his plea.
Chief Judge Breitbl and Judges Jasen, Gabbielli, Jones, Wachtler, Rabin and Stevens concur in Per Curiam opinion.
In People v. Tinsley: Order affirmed.
In People v. Vaughan: Order reversed, sentence vacated and case remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein.