OPINION OF THE COURT
 

 Memorandum.
 

 The order appealed from should be affirmed. The defendant was charged with two counts of murder in the second degree, three counts of weapons possession and possession of gambling records. After extensive plea negotiations in which his two
 
 *826
 
 retained attorneys actively participated, he entered a plea of guilty to two counts of manslaughter in the first degree in satisfaction of all counts of the indictment. Prior to sentencing he moved to vacate the guilty plea claiming "coercion”. The coercion asserted was solely that the defendant’s family had visited him in prison and allegedly convinced him to plead guilty. Extended argument was had on the motion for withdrawal of the plea, including a review by the court of the plea minutes, the jail visitation sheets and statements by and on behalf of defendant. The motion for withdrawal of the plea was subsequently denied without a hearing. The defendant now asserts that he was entitled to a hearing on his claim of "innocence and coercion”. It appears that he is not. "Only in the rare instance will a defendant be entitled to an evidentiary hearing; often a limited interrogation by the court will suffice”
 
 (People v Tinsley,
 
 35 NY2d 926, 927;
 
 People v Frederick,
 
 45 NY2d 520). In this situation there was no reason for holding a hearing and the court properly denied it, based on his review of the plea minutes, the visitation records and, as he stated, "that on the underlying evidence it was in [defendant’s] best interest” to have entered the bargained plea.
 

 We have never recognized "coercion” by family members as a reason for withdrawing a guilty plea. Indeed, we recognize that in times of trouble an accused person must often rely on the counsel of his family when making the difficult decision to plead guilty or stand trial. If this "coercion” combined with a conclusory statement of innocence was grounds for upsetting a plea of guilty, the plea would be essentially revocable at will.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order affirmed in a memorandum.