■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY LANE PARIZO, Appellant. — Appeal by defendant from a judgment of the County Court, Dutchess County, rendered April 12, 1979, convicting him of coercion in the first degree, upon his plea of guilty, and imposing sentence. Case remitted to the County Court, Dutchess County, to hear and report on defendant's application to withdraw his guilty plea, and appeal held in abeyance in the interim. The County Court shall file its report with all convenient speed. By motion made approximately two weeks after he pleaded guilty, defendant moved to withdraw his plea contending, *inter alia,* that he was innocent and that his plea had been involuntarily made because he was under the influence of medication during the plea proceedings. He requested an evidentiary hearing on his motion. Defendants counsel, who had advised the court by letter that defendant was dissatisfied with his services and wished the Public Defender to be appointed in his stead, submitted nothing in support of the merits of defendant's motion. In his affirmation, defense counsel stated, in essence, that he had been representing defendant as a "charity case", without compensation, and requested that the Public Defender be assigned to represent defendant if his motion to withdraw his plea were granted since counsel could not bear the expense of representing defendant at trial without compensation. The People submitted papers in opposition to the motion. The County Court denied defendant's motion, apparently without hearing argument, but assigned the Public Defender to represent defendant in subsequent proceedings. Thereafter, defendant, represented by the Public Defender, sought to renew his motion on the additional ground that his former counsel's representation had been constitutionally inadequate. Defendant's affidavit in support of the motion to renew contained an allegation that he had been misled to believe that his former counsel was an experienced criminal lawyer when, upon information and belief, he had never tried a criminal case before representing defendant. Leave to renew was granted and upon renewal, the court adhered to its original determination without oral argument. The County Court did not abuse its discretion in determining on the basis of the plea minutes, jail records, medication chart and its own observation of defendant during the plea proceedings that defendant's claim that his plea was involuntary because of the effect of medication upon him was without merit. Moreover, it was not an abuse of discretion to deny, without a hearing, defendant's claim that he had entered his plea because his former attorney had misled him concerning the sentence that would be imposed. The plea minutes reveal that, before it accepted defendant's plea, the court fully advised him of the possible range of his sentence and that defendant acknowledged that no one had made any promise to him with respect to the sentence. However, defendant's motion raised other relevant factual issues which could not be adequately resolved on the papers alone. From our reading of defendant's *pro se* affidavits in conjunction with the rest of the record it appears that defendant's claim of innocence was not "conclusory" as it was in *People v Lewis* (46 NY2d 825), which was relied on by the County Court. As we construe it, defendant's claim of innocence was, at least in part, that his intoxication by alcohol and drugs negatived his intent to commit the crime to which he pleaded guilty (see Penal Law, § 15.25). Far from being "conclusory" this claim had some objective support in the record. Three police officers had testified at the suppression hearings that defendant was intoxicated or "not normal" when he was arrested minutes after the commission of the crime. Fifteen days after his arrest defendant was found incompetent to stand trial (see CPL 730.10). Nor was defendant's claim recently fabricated. In a psychiatric interview conducted over seven months before defendant pleaded

guilty he stated that he did not remember the circumstances of his arrest but that he had been told by a friend that, prior thereto, he had ingested "2 hits of mescaline, 5 hits of acid, 15 or 16 tranxene and 3/4 of a quart of Southern Comfort". Before defendant entered his plea he was exhaustively questioned about his mental state at that time, but not at the time of the crime. Moreover, there was nothing of an evidentiary nature in the People's opposition papers that refuted defendant's claim of innocence because of lack of intent. Thus, this was not a case where, on the basis of the papers before it, the court could properly determine "that on the underlying evidence it was in [defendant's] best interest to have entered the bargained plea" *(People v Lewis,* 46 NY2d 825, 826, *supra).* Furthermore, while we find that the court did not err in rejecting so much of defendant's claim as asserted that his former counsel's representation was constitutionally inadequate, defendants unrefuted allegation that he was misled about his former counsel's experience in criminal law raises a significant question as to whether defendant "had opportunity to make a voluntary and rational decision with proper advice in pleading guilty" *(People v Nixon,* 21 NY2d 338, 354). This, of course, is not to say that his former counsel's mere lack of experience in criminal law, if true, would subject defendant's plea to vacatur or even inquiry. However, if, in fact, defendant's former counsel misrepresented the nature of his experience in criminal law and defendant relied on that misrepresentation in agreeing to a suggestion by his counsel that he plead guilty, then defendant's plea could not be regarded as rational or knowing. Accordingly, further inquiry is required with respect to defendant's claim of innocence and of misrepresentation with respect to his former counsel's prior experience in criminal law. Such inquiry may be conducted by means of an evidentiary hearing or by less formal means, in the discretion of the County Court (see *People v Tinsley,* 35 NY2d 926, 927). Hopkins, J. P., Gulotta, Margett and O'Connor, JJ., concur.