■ In the Matter of BRIAN T. USTIN, Petitioner, v CITY OF WHITE PLAINS et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of respondent Commissioner of Public Safety dated August 26, 1983, which, after a hearing, found petitioner guilty of two disciplinary charges and imposed a penalty of a two-month suspension without pay.

Determination confirmed and proceeding dismissed on the merits, without costs or disbursements.

The determination as to petitioner's guilt is supported by substantial evidence (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). Furthermore, since police departments are quasi-military organizations requiring strict discipline (see *Matter of Bal v Murphy,* 55 AD2d 26, affd 43 NY2d 762; *Matter of Keogh v Dolce,* 84 AD2d 579), the penalty imposed (two months' suspension without pay) was not so disproportionate to the offense as to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.,* 34 NY2d 222).

We see no basis for annulment in petitioner's other contentions. Mollen, P. J., Titone, Bracken and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN ANDUJAR, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Marano, J.), rendered May 17, 1983, convicting him of criminal sale of a controlled substance in the fourth degree and criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

The limited inquiry made by the court prior to denying defendant's motion to withdraw his plea was appropriate and, under the circumstances, it was within the court's discretion to deny the motion without a formal hearing (see *People v Tinsley,* 35 NY2d 926). Niehoff, J. P., Boyers, Lawrence and Eiber, JJ., concur.