■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND MARCANO, Appellant.—Appeal by defendant from two judgments of the Supreme Court, Kings County (Bernstein, J.), both rendered November 23, 1982, convicting him of robbery in the first degree (two counts), upon his pleas of guilty, and imposing sentences.

Judgments affirmed.

Defendant pleaded guilty to two counts of robbery in the first degree, in full satisfaction of two indictments. Defendant confirmed, at the plea allocutions, that the pleas were made voluntarily and intelligently, after consultation with counsel. He fully acknowledged the details of his participation in the crimes. As promised, he was sentenced to two concurrent indeterminate terms of imprisonment of 10 years.

Defendant, represented by newly assigned counsel, subsequently moved to withdraw his guilty pleas on the ground, *inter alia,* that they were induced by his former attorney's erroneous advice that, if tried and convicted, he would be liable to a sentence of imprisonment of 15 years to life.

A hearing was conducted, where defendant's former attorney testified that he advised defendant to accept the offered sentence because of the unlikelihood of success at trial, and the probability of a much greater sentence upon convictions after trial. He acknowledged informing defendant that he might be sentenced as a persistent felony offender, which could result in a maximum sentence of life imprisonment. Defendant's motion to withdraw his pleas was denied.

On appeal, defendant contends that his former attorney's advice effectively deprived him of his constitutional right to

the effective assistance of counsel. We disagree. Although defendant could not have been sentenced as a persistent felony offender, as a second felony offender he could have been sentenced to two consecutive terms of imprisonment of 12½ to 25 years, if convicted of robbery in the first degree on each indictment (see, Penal Law § 70.06 [3], [4]). Given the disparity between the sentences he could have received, and the bargained-for sentences he did receive, it cannot be said that the plea bargain was " 'improvident or baseless' " (see, People v Fooks, 21 NY2d 338, 350, cert denied sub nom. Robinson v New York, 393 US 1067; People v Moore, 91 AD2d 1050). When viewed in its totality, the circumstances of this case reveal that defendant did receive meaningful representation, and was not deprived of the effective assistance of counsel (see, People v Baldi, 54 NY2d 137, 147).

Defendant's further contention that he was unable to comprehend the consequences of his guilty pleas because of physical pain resulting from a recent injury is not supported by the record.

Criminal Term's determination that it was neither misinformation nor inability to comprehend that led to defendant's decision to plead guilty is amply supported by the record. Accordingly, the denial of defendant's motion to withdraw his guilty pleas was a sound exercise of discretion, which should not now be disturbed (see, People v Tinsley, 35 NY2d 926, 927).

Defendant's remaining contentions have been examined and found to be without merit. Mollen, P. J., Thompson, Brown and Lawrence, JJ., concur.