■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHAD WITCHER, Appellant. [635 NYS2d 908] —Judgment unanimously affirmed. Memorandum: Defendant contends that County Court abused its discretion in denying his motion to withdraw his guilty plea without permitting him to address the court or conducting an evidentiary hearing. A defendant must be afforded a reasonable opportunity to advance the claim that he should be permitted to withdraw his plea of guilty *(see, People v Frederick,* 45 NY2d 520, 525). In only rare instances, however, will a defendant be entitled to an evidentiary hearing on a motion to withdraw a plea of guilty *(see, People v Tinsley,* 35 NY2d 926, 927).

The record shows that defense counsel's motion to withdraw defendant's guilty plea included a detailed affidavit by defendant apprising the court of his claims, and that defense counsel was permitted to argue the motion. Defendant was thereby afforded a reasonable opportunity to advance his claims and the court did not err in denying the motion without further inquiry *(see, People v Rodriguez,* 150 AD2d 812, 813, *lv denied* 74 NY2d 818; *People v Austin,* 117 AD2d 835, 836; *People v Luke UU.,* 99 AD2d 881, 881-882).

We reject the further contention of defendant that the court abused its discretion in denying his motion to withdraw his guilty plea. Defendant's belated claims of coercion and innocence are unsupported by the record, which shows that defendant knowingly and voluntarily made a complete and detailed statement concerning his commission of the crime *(see, People v Hall,* 195 AD2d 521, 522, *lv denied* 82 NY2d 754; *People v Lynch,* 156 AD2d 884, 884-885, *lv denied* 75 NY2d 921).

The record also fails to support the contention in defendant's *pro se* supplemental brief that defendant was denied effective assistance of counsel *(see, People v Hall, supra,* at 522; *People v Lynch, supra,* at 885; *People v Mayes,* 133 AD2d 905, 906). Defendant entered into an advantageous plea bargain wherein he noted his satisfaction with counsel.

We have reviewed the remaining contentions advanced by defendant, including those raised in defendant's *pro se* supplemental brief, and we conclude that they are lacking in merit. (Appeal from Judgment of Monroe County Court, Connell, J.—Rape, 1st Degree.) Present—Green, J. P., Lawton, Callahan, Doerr and Davis, JJ.