■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BLAND, Appellant. [866 NYS2d 68]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered December 12, 2006, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the second degree and conspiracy in the second degree, and sentencing him, as second felony offender, to concurrent terms of eight years and 4½ to 9 years, respectively, unanimously affirmed.

After reviewing the parties' written submissions and employing its own familiarity with the case, the court properly denied defendant's motion to withdraw his guilty plea. Although there may be other procedural contexts in which a factual dispute can

only be resolved by way of an evidentiary hearing (*see e.g.* CPL 710.60 [4] [suppression motions]), when a defendant moves under CPL 220.60 (3) to withdraw a guilty plea, "[t]he nature and extent of the fact-finding procedures . . . rest largely in the discretion of the Judge to whom the motion is made. Only in the rare instance will a defendant be entitled to an evidentiary hearing; often a limited interrogation by the court will suffice" (*People v Tinsley*, 35 NY2d 926, 927 [1974]; *see also People v Frederick*, 45 NY2d 520 [1978]). Here, defendant's factual assertions that his counsel had misadvised him to reject a more favorable plea than he ultimately entered, and that he pleaded guilty while under the influence of heroin and alcohol, were contradicted by affirmations from the attorney who had represented defendant at the time of the plea and from the prosecutor, by the record of several proceedings that led up to the plea as well as the plea allocution itself, and by the court's recollection of defendant's demeanor at the time of the plea. The record establishes that the plea was voluntary and that counsel rendered effective assistance. Concur—Lippman, P.J., Saxe, Friedman, Sweeny and Acosta, JJ.