# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1198

KA 07-00625

PRESENT: SCUDDER, P.J., FAHEY, CARNI, VALENTINO, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

DERRICK J. STIMUS, DEFENDANT-APPELLANT.

---

KIMBERLY J. CZAPRANSKI, INTERIM CONFLICT DEFENDER, ROCHESTER, FOR DEFENDANT-APPELLANT.

DERRICK J. STIMUS, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered January 31, 2007. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]), defendant contends in his main and pro se supplemental briefs that the plea was not knowing and voluntary. Although defendant preserved that contention for our review by his motion to withdraw his plea (*cf. People v Moore*, 6 AD3d 1076, 1076-1077, *lv denied* 3 NY3d 661), his contention is without merit. Defendant advised County Court that he understood the rights that he was waiving by pleading guilty; that he was satisfied with the services of his attorney; and that he understood that, by pleading guilty, he forfeited the right to contend on appeal that his arrest was not based upon probable cause. We therefore conclude that defendant's plea was knowing and voluntary (*see generally People v Harris*, 61 NY2d 9, 19).

Defendant also contends in his main and pro se supplemental briefs that the court erred in denying his motion to withdraw his plea without conducting a further inquiry into his allegations that he was denied the right to effective assistance of counsel. "The court afforded defendant the requisite 'reasonable opportunity to present his contentions' in support of that motion . . . and [it] did not abuse its discretion in concluding that no further inquiry was needed"

(*People v Strasser*, 83 AD3d 1411, 1411, quoting *People v Tinsley*, 35 NY2d 926, 927).  Defendant's vague allegations that he was denied effective assistance of counsel were rejected by the court, which had presided over the pretrial proceedings and the plea.  Defendant was represented by different attorneys employed by the Public Defender's Office in connection with the plea and sentencing, at which time he made the motion to withdraw his plea.  Because the court determined that the motion to withdraw the plea was without merit, we reject defendant's further contention that the court erred in failing to assign new counsel to represent him with respect to the motion (*see generally People v Porto*, 16 NY3d 93, 100-101).

We have reviewed defendant's remaining contentions in his pro se supplemental brief and conclude that none requires reversal or modification.

Entered:  November 16, 2012                    Frances E. Cafarell
                                               Clerk of the Court