This memorandum is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------

No. 62
The People &c.,
            Respondent,
          v.
Tyrone D. Manor,
            Appellant.




            Kimberly F. Duguay, for appellant.
            Robert J. Shoemaker, for respondent.




MEMORANDUM:

The order of the Appellate Division should be affirmed.

Defendant challenges the judgment convicting him, upon his plea of guilty, of murder in the second degree (Penal Law § 125.25 [1]) and sentencing him, pursuant to the plea agreement, to 18 years to life in prison.

We agree with the Appellate Division that County Court did

- 1 -

not abuse its discretion by denying defendant's motion to withdraw his guilty plea without holding a hearing. Defendant had been provided with two alternative plea offers. The record shows that at the plea allocution, the court explained the two plea options and the rights that defendant was giving up by not going to trial. Defendant indicated that he understood and had discussed the guilty plea with his counsel. To the extent that defendant's statements during the plea colloquy raised a question regarding his intent to kill the victim, the trial court fulfilled its "duty to inquire further to ensure [the] guilty plea [was] knowing and voluntary" (People v Lopez, 71 NY2d 662, 666 [1998]).

In moving to withdraw defendant's guilty plea, defendant's two attorneys submitted affirmations indicating that they were surprised that defendant had decided to take the plea, that he had not looked well on the date of the plea, and that he had been pressured to take the plea by family members. The motion was also supported by the report of a psychiatrist retained by defendant who had conducted a psychiatric examination of him approximately two months after the court had entered the guilty plea. The psychiatrist repeated the allegations of family pressure and further indicated that defendant's plea was impaired by his use of alcohol and marijuana to control his anxiety before arriving at the courthouse. The doctor did not indicate that defendant was mentally ill or otherwise lacked the capacity to

plead guilty.  Notably, the motion to withdraw the plea was not supported by an affidavit from defendant.  At sentencing, the court asked if either side wished to be heard beyond the papers, and both the prosecutor and defense counsel stated that they had nothing further.  Defendant did not address the court.  The court found that there was no need for a factual hearing and stated that it was satisfied that the plea entered was a knowing, voluntary and intelligent waiver of defendant's rights to a trial.  The court therefore denied the motion.

"When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rest[s] largely in the discretion of the Judge to whom the motion is made and a hearing will be granted only in rare instances" (People v Brown, 14 NY3d 113, 116 [2010], quoting People v Tinsley, 35 NY2d 926, 927 [1974][internal quotation marks omitted]).  As we said in Tinsley, "[o]ften, a limited interrogation by the court will suffice" (35 NY2d at 927).  Here, the court gave the parties an opportunity to argue in furtherance of the motion to withdraw the plea, and because both parties declined, the motion was appropriately decided on the written submissions.  Furthermore, while defense counsel claimed that defendant had been pressured by his family to take the plea, this Court has "never recognized 'coercion' by family members as a reason for withdrawing a guilty plea"(People v Lewis, 46 NY2d 825, 826 [1978]), and the record here does not demonstrate that the court abused its discretion in

denying the motion on that ground.  Additionally, given defendant's silence in any sworn statement regarding his alleged use of drugs and alcohol and the court's ability to observe defendant during the colloquy (see People v Alexander, 97 NY2d 482, 486 [2002]["t]he court was able firsthand to assess whether defendant was alert and knowledgeable enough to plead guilty voluntarily"]), it was not an abuse of discretion for the court to have denied the motion to withdraw the plea without holding a hearing.

Finally, defendant did not meet his burden of demonstrating on this record that he was deprived of a fair plea proceeding by less than meaningful representation (see generally People v Flores, 84 NY2d 184, 187 [2000]).

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, in a memorandum.  Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam, Stein and Garcia concur.  Judge Fahey took no part.

Decided May 3, 2016