# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

778

KA 15-00437

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

GEORGE ALFRED, JR., DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered July 7, 2014. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree and kidnapping in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, murder in the second degree (Penal Law § 125.25 [1]). We reject defendant's contention that County Court abused its discretion in denying his motion to withdraw his guilty plea without conducting an evidentiary hearing. " 'When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rest[s] largely in the discretion of the Judge to whom the motion is made and a hearing will be granted only in rare instances' " (*People v Manor*, 27 NY3d 1012, 1013, quoting *People v Brown*, 14 NY3d 113, 116; *see People v Tinsley*, 35 NY2d 926, 927; *People v Green*, 122 AD3d 1342, 1343). Here, the motion to withdraw the guilty plea was supported by an affidavit from defendant detailing his claims, and the court permitted defense counsel to argue the motion. We therefore conclude that defendant was "afforded a reasonable opportunity to advance his claims" and that the court did not abuse its discretion in denying the motion without a hearing (*People v Witcher*, 222 AD2d 1016, 1016, *lv denied* 87 NY2d 1027; *see Manor*, 27 NY3d at 1013; *People v Zimmerman*, 100 AD3d 1360, 1362, *lv denied* 20 NY3d 1015). In any event, defendant's " 'conclusory and unsubstantiated assertion' " that his plea was coerced is belied by his statements during the plea proceedings (*People v McKinnon*, 5 AD3d 1076, 1076-1077, *lv denied* 2 NY3d 803; *see People v Quijada-Lopez*, 256

AD2d 478, 478, *lv denied* 93 NY2d 928).

Entered:  September 30, 2016                    Frances E. Cafarell
                                               Clerk of the Court