People v Hayes (2018 NY Slip Op 03145)





People v Hayes


2018 NY Slip Op 03145


Decided on May 2, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SANDRA L. SGROI
ROBERT J. MILLER, JJ.


2013-01912
 (Ind. No. 12-00199)

[*1]The People of the State of New York, respondent,
v
Ralphie Hayes, appellant.


Warren S. Hecht, Forest Hills, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Andrew R. Kass of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Robert H. Freehill, J.), rendered January 18, 2013, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. By decision and order of this Court dated June 29, 2016, the matter was remitted to the County Court, Orange County, for further proceedings on the defendant's motion to withdraw his plea of guilty and for the issuance of a report with respect to the motion, and the appeal was held in abeyance in the interim (see People v Hayes, 140 AD3d 1186). The County Court, Orange County (Craig Stephen Brown, J.), has now filed its report.
ORDERED that the judgment is affirmed.
The defendant pleaded guilty to attempted criminal possession of a weapon in the third degree. Prior to sentencing, the defendant moved to withdraw his plea of guilty. By decision and order dated June 29, 2016, this Court determined that the defendant's right to counsel was adversely affected when his attorney took a position adverse to him with respect to that motion (see People v Hayes, 140 AD3d 1186). Further, this Court concluded that the County Court should have assigned a different attorney to represent the defendant before it determined the defendant's motion (see id.). Accordingly, this Court remitted the matter to the County Court, Orange County, for further proceedings on the defendant's motion to withdraw his plea of guilty, for which the defendant was to be appointed new counsel, and for the issuance of a report with respect to the motion (see id.). The appeal was held in abeyance pending receipt of the County Court's report (see id.).
Upon remittitur, the County Court assigned a different attorney to represent the defendant in connection with his motion to withdraw his plea of guilty. In his motion papers, the defendant generally asserted that he had been confused at the plea proceeding and had not understood the consequences of pleading guilty. In an order dated July 10, 2017, the court denied, without a hearing, the defendant's motion to withdraw his plea of guilty. In his supplemental brief filed on this appeal, the defendant contends only that the court should have held a hearing before it decided his motion to withdraw his plea.
"[I]n order to be valid and enforceable, a guilty plea must be entered voluntarily, [*2]knowingly and intelligently" (People v Brown, 14 NY3d 113, 116). "A guilty plea is voluntary only if it represents an informed choice freely made by defendant among other valid alternatives" (id. at 116).
"When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rest[s] largely in the discretion of the Judge to whom the motion is made'" (id., quoting People v Tinsley, 35 NY2d 926, 927). "Only in the rare instance will a defendant be entitled to an evidentiary hearing; often a limited interrogation by the court will suffice" (People v Tinsley, 35 NY2d at 927). "[W]here a careful scrutiny of the motion to withdraw reveals that defendant's allegations fail to raise a legitimate question as to the voluntariness of the plea, the court may deny the motion without a hearing" (People v Brown, 14 NY3d at 118).
Here, other than the defendant's conclusory assertions, there is no indication in the record that he lacked the capacity to understand the plea proceedings (see People v Alexander, 97 NY2d 482, 486; People v Wager, 34 AD3d 505, 505-506; People v Ramos, 21 AD3d 1125, 1125, affd 7 NY3d 737). To the contrary, the record reflects that the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered. Under the circumstances, the County Court providently exercised its discretion in denying the defendant's motion to withdraw his plea of guilty without holding a hearing (see People v Manor, 27 NY3d 1012, 1014; see also People v Illescas, 139 AD3d 873, 875; People v Smith, 255 AD2d 531).
MASTRO, J.P., LEVENTHAL, SGROI and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court