People v Nieves (2018 NY Slip Op 08198)





People v Nieves


2018 NY Slip Op 08198


Decided on November 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 29, 2018

107984

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
RAY NIEVES, Also Known as RAY FALLER, Appellant.

Calendar Date: October 9, 2018

Before: McCarthy, J.P., Devine, Mulvey, Rumsey and

 Pritzker, JJ.

Robert A. Regan, Glens Falls, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered October 26, 2015, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
Defendant pleaded guilty to an indictment charging him with criminal possession of a controlled substance in the third degree. No sentencing commitment was made, although defendant reserved the right to dispute the People's assertion that he was a second felony offender for sentencing purposes. During the plea colloquy, County Court explained the maximum potential sentence that defendant could receive, including if he were adjudicated a predicate felony offender. County Court subsequently determined that defendant was a second felony offender and, at sentencing, rejected defendant's oral application to withdraw his guilty plea. County Court then sentenced defendant to a prison term of seven years to be followed by three years of postrelease supervision (hereinafter PRS). Defendant now appeals.
We affirm. Defendant argues that County Court abused its discretion in denying his motion to withdraw his guilty plea without a hearing. "Whether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of the trial court, and withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement" (People v Pooler, 158 AD3d 935, 936 [2018] [internal quotation marks, brackets and citations omitted]; see People v Jackson, 163 AD3d 1273, 1274 [2018], lv denied ___ NY3d ___ [Oct. 26, 2018]). Further, "[t]he nature and extent of the fact-finding procedures necessary to decide a motion to withdraw a guilty plea rest within the discretion of the trial court, and only in the rare instance will a defendant be entitled to an evidentiary hearing" (People v Wrest, 159 AD3d 1274, 1275 [2018] [internal quotation marks and citations omitted]).
Defendant was provided with a "reasonable opportunity to present his contentions" at sentencing (People v Tinsley, 35 NY2d 926, 927 [1974]; see People v Manor, 27 NY3d 1012, 1013-1014 [2016]) and, although he failed to preserve many of the arguments advanced in his pro se supplemental brief by raising them at that time (see People v Griffin, 134 AD3d 1228, 1230 [2015], lv denied 27 NY3d 1132 [2016]), he did make conclusory claims that his judgment at the time of the plea had been impaired by fasting and his decision not to take unspecified medication [FN1]. Defendant did not, however, give "the slightest indication that [he] was uninformed, confused or incompetent" during the appearance that ended with his guilty plea, raising legal issues on his own initiative and stopping the plea colloquy by advising County Court that he had not spoken with counsel enough to make an intelligent decision to plead guilty (People v Alexander, 97 NY2d 482, 486 [2002]; accord People v Copeman, 77 AD3d 1187, 1188 [2010]). A recess ensued and, after discussing the matter further with counsel, defendant agreed to proceed and confirmed that he was satisfied with counsel's representation, had sufficiently consulted with counsel and understood the ramifications of pleading guilty. "Accordingly, we discern no basis upon which to disturb County Court's discretionary determination, after observing defendant firsthand during the plea colloquy, to deny defendant's request to withdraw his guilty plea" (People v Pixley, 150 AD3d 1555, 1556 [2017], lv denied 30 NY3d 952 [2017] [citations omitted]; see People v Manor, 27 NY3d at 1014; People v Snow, 159 AD3d 1278, 1279 [2018]). This conclusion is in no way altered by defendant's request to proceed pro se at sentencing, which was based upon hazy suggestions of ineffective assistance and was immediately withdrawn when counsel deemed it to be a sign of a breakdown in the attorney-client relationship and asked to be relieved (see People v Stedge, 135 AD3d 1174, 1176 [2016]).
We also find that defendant was properly sentenced as a second felony offender. Defendant was convicted in 2003 of various offenses and sentenced to a prison term of 12 years without any period of PRS, after which the court clerk impermissibly issued a commitment order containing a five-year period of PRS (see People v Sparber, 10 NY3d 457, 469-470 [2008]). The error was corrected in 2015, and defendant was resentenced to the original prison sentence with no term of PRS (see Penal Law § 70.85). It is true that a sentence upon the predicate conviction must have been imposed before commission of the present felony in order to qualify as a predicate (see Penal Law § 70.04 [1] [b] [ii]), but "resentencing to set right the flawed imposition of PRS at the original sentencing is [limited to that issue and is] not a plenary proceeding" (People v Lingle, 16 NY3d 621, 635 [2011]). Accordingly, notwithstanding the later removal from the 2003 sentence of the term of PRS, "the original '[s]entence' for 'such prior conviction' remains valid, and that original sentence was 'imposed before commission of the present felony,' thereby qualifying the prior conviction as a predicate felony conviction for purposes of sentencing on the current crime" (People v Boyer, 22 NY3d 15, 25-26 [2013], quoting Penal Law § 70.04 [1] [b] [ii]; see People v Naughton, 93 AD3d 809, 811 [2012], lv denied 19 NY3d 865 [2012]).
Finally, defendant contends that the sentence is harsh and excessive based upon, among other factors, his substance abuse history. County Court considered the relevant factors and imposed a prison term on the low end of the permissible sentencing range (see Penal Law § 70.70 [1] [b]; [4] [b] [i]). Given defendant's criminal history, which includes violent felonies, we find no abuse of discretion or extraordinary circumstances that would warrant a reduction of the sentence in the interest of justice (see People v Jones, 155 AD3d 1103, 1106 [2017], lv denied 30 NY3d 1106 [2018]).
McCarthy J.P., Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant did claim in his application that his right to testify before the grand jury was violated, but he forfeited that argument by pleading guilty (see People v Straight, 106 AD3d 1190, 1191 [2013]). To the extent that defense counsel's inaction on that issue impacted defendant's decision to plead guilty, "the failure to timely file a motion to dismiss the indictment on CPL 190.50 (5) grounds, without more, does not constitute ineffective assistance of counsel" (People v Richardson, 162 AD3d 1328, 1332 [2018]; see People v Wiggins, 89 NY2d 872, 873 [1996]). More has not been provided.