People v Meyn (2021 NY Slip Op 02547)





People v Meyn


2021 NY Slip Op 02547


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-10689
 (Ind. No. 1860/16)

[*1]The People of the State of New York, respondent,
v
Keith Meyn, appellant.


Stephen N. Preziosi, New York, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Timothy P. Finnerty and Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Barbara Kahn, J.), rendered August 31, 2017, convicting him of use of a child in a sexual performance and possessing a sexual performance by a child, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged by indictment with 3 counts of criminal sexual act in the first degree, 3 counts of use of a child in a sexual performance, as a sexually motivated felony, 3 counts of sexual abuse in the first degree, 100 counts of possessing a sexual performance by a child, and 3 counts of endangering the welfare of a child. On June 21, 2017, the defendant pleaded guilty to one count of use of a child in a sexual performance as a sexually motivated felony and one count of possessing a sexual performance by a child. On or about August 21, 2017, the defendant, by new counsel, moved to withdraw the plea of guilty. On August 31, 2017, the County Court summarily denied the motion and sentenced the defendant on both counts.
The defendant's contention that his plea of guilty was not knowing, voluntary, or intelligent due to the ineffective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109 [internal quotation marks omitted]; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109). Although the defendant made a post-conviction motion pursuant to CPL article 440 to vacate the judgment of conviction, this Court denied leave to appeal from the order denying that motion, and the issues raised in that motion are not before this Court (see People v Dunaway, 134 AD3d 952, 954; People v Coleman, 125 AD3d 879, 881).
CPL 220.60(3) provides that at any time before the imposition of sentence, the court in its discretion may permit a defendant who has entered a plea of guilty to withdraw such plea. A [*2]motion to withdraw a plea of guilty rests within the sound discretion of the court, and generally will not be disturbed absent an improvident exercise of discretion (see CPL 220.60[3]; People v Richards, 186 AD3d 1411, 1412).
When a defendant moves to withdraw a plea of guilty, "the nature and extent of the fact-finding inquiry rests largely in the discretion of the Judge to whom the motion is made and a hearing will be granted only in rare instances" (People v Manor, 27 NY3d 1012, 1013 [internal quotation marks omitted]; see People v Brown, 14 NY3d 113, 116; People v Tinsley, 35 NY2d 926, 927). "[O]ften a limited interrogation by the court will suffice" (People v Tinsley, 35 NY2d at 927; see People v Manor, 27 NY3d at 1013). "The defendant should be afforded [a] reasonable opportunity to present his contentions and the court should be enabled to make an informed determination" (People v Tinsley, 35 NY2d at 927). "[W]hen a motion to withdraw a plea is patently insufficient on its face, a court may simply deny the motion without making any inquiry" (People v Mitchell, 21 NY3d 964, 967). Bare and unsubstantiated claims, without more, are insufficient to warrant vacatur of a guilty plea (see People v Hollmond, 191 AD3d 120, 136). Here, the defendant's motion, which was based on bare and unsubstantiated claims, which, for the most part, were contradicted by the record, was patently insufficient. Thus, the County Court providently denied the motion without making further inquiry and without holding a hearing (see People v Mitchell, 21 NY3d at 967; see also People v Balbuenatorres, 179 AD3d 828, 829; People v Tomlinson, 178 AD3d 967, 968; People v Caruso, 88 AD3d 809, 810).
CHAMBERS, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court