People v Ramroop (2025 NY Slip Op 01647)

People v Ramroop

2025 NY Slip Op 01647

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2024-00087
 (Ind. No. 72140/22)

[*1]The People of the State of New York, respondent,
v
Ravindha Ramroop, appellant.

Samantha Chorny, New York, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Danielle M. O'Boyle, and Christopher Moore of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gary F. Miret, J.), rendered December 11, 2023, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant pleaded guilty to assault in the second degree (Penal Law § 120.05[2]) in exchange for a sentence of a determinate term of imprisonment of five years, to be followed by five years of postrelease supervision. However, prior to sentencing, the defendant moved pursuant to CPL 220.60(3) to withdraw his plea of guilty. The Supreme Court denied the defendant's motion without a hearing and imposed sentence in accordance with the terms of the plea agreement. The defendant appeals.
"A motion to withdraw a plea of guilty rests within the sound discretion of the court, and generally will not be disturbed absent an improvident exercise of discretion" (People v Meyn, 193 AD3d 1080, 1081; see CPL 220.60[3]). "In general, 'such a motion must be premised upon some evidence of possible innocence or of fraud, mistake, coercion or involuntariness in the taking of the plea'" (People v Hollmond, 191 AD3d 120, 136, quoting People v De Jesus, 199 AD2d 529, 530).
Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in denying his motion to withdraw his plea of guilty on the ground that he was deprived of the effective assistance of counsel under the United States Constitution. "To prevail on a claim of ineffective assistance of counsel under the Federal Constitution, 'the defendant must show that counsel's representation fell below an objective standard of reasonableness'" and "'that the deficient performance prejudiced the defense'" (People v Alexander, 208 AD3d 1247, 1248, quoting Strickland v Washington, 466 US 668, 687-688). "In the plea context, 'the defendant must show that there is a reasonable probability that, but for counsel's errors, he [or she] would not have pleaded guilty and would have insisted on going to trial, or that the outcome of the proceedings would have been different'" (id. at 1248-1249, quoting People v Parson, 27 NY3d 1107, 1108).
Here, although the defendant contends that his attorney failed to advise him on the immigration consequences of his plea of guilty, the record demonstrates that the defendant was properly advised of these consequences by the Supreme Court. Under the circumstances of this case, even if the defendant's attorney failed to advise him of the possible immigration consequences of pleading guilty, the defendant was indisputably aware of those possible consequences before he entered his plea of guilty, and cannot show prejudice resulting from his attorney's alleged failure to provide that advice himself (see People v Rodriguez, 150 AD3d 1029, 1031). In other words, there is no reasonable probability that the defendant would not have pleaded guilty but for his attorney's alleged deficiency (see id.). Accordingly, the court properly denied the defendant's motion to withdraw his plea of guilty.
The defendant's remaining contention is without merit.
BARROS, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court