People v Williamson (2025 NY Slip Op 01956)

People v Williamson

2025 NY Slip Op 01956

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2024-00850
 (Ind. No. 70471/21)

[*1]The People of the State of New York, respondent,
v
Steven Williamson, appellant.

Alex Smith, Middletown, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Winter A. Vega and Andrew R. Kass of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Hyun Chin Kim, J.), rendered December 19, 2023, convicting him of assault in the second degree and criminal possession of stolen property in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the County Court providently exercised its discretion in denying his motion pursuant to CPL 220.60(3) to withdraw his plea of guilty, made after he had violated his plea agreement. To the extent that the defendant contends that his plea of guilty was coerced by his mother, the Court of Appeals "has never recognized coercion by family members as a reason for withdrawing a guilty plea" (People v Manor, 27 NY3d 1012, 1014 [internal quotation marks omitted]; see People v Lewis, 46 NY2d 825, 826). To the extent that the defendant contends that he pleaded guilty based on his attorney's misstatement to him that he faced a charge of attempted murder instead of robbery in the first degree, any such misstatement did not prejudice the defendant because both attempted murder and robbery in the first degree are class B violent felonies that carry the same possible sentences (see Penal Law § 70.02[1][a]; [3][a]). The defendant's assertion of innocence was wholly unsubstantiated (see People v Corines, 204 AD3d 827, 828; People v Prunesti, 193 AD3d 984, 985).
The County Court properly imposed an enhanced sentence upon the defendant after he violated his plea agreement by not cooperating with the Probation Department, not being truthful during an interview with the Probation Department, and getting rearrested for another offense (see People v Valencia, 3 NY3d 714, 715; People v Hicks, 98 NY2d 185, 189; People v Outley, 80 NY2d 702, 713). Contrary to the defendant's contention, there was a legitimate basis for his rearrest (see People v Outley, 80 NY2d at 713).
The defendant's waiver of his right to appeal is valid and precludes appellate review of his contentions that the sentence imposed was excessive and constituted cruel and unusual punishment (see People v Lopez, 6 NY3d 248, 256-257; People v Myke, 232 AD3d 913).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
LASALLE, P.J., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court