People v Adams (2025 NY Slip Op 02218)

People v Adams

2025 NY Slip Op 02218

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2018-09333
2024-10974

[*1]The People of the State of New York, respondent,
v
Akim Adams, appellant. (Ind. Nos. 2300/16, 1574/17)

Laurette D. Mulry, Riverhead, NY (Genevieve M. Cahill of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Grazia DiVincenzo of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Suffolk County (Mark D. Cohen, J.), both rendered June 18, 2018, convicting him of burglary in the first degree under Indictment No. 2300/16, and burglary in the first degree under Indictment No. 1574/17, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant pleaded guilty to two counts of burglary in the first degree, in satisfaction of two indictments. As part of the plea agreement, the defendant waived his right to appeal.
Contrary to the defendant's contention, the record demonstrates that he knowingly, intelligently, and voluntarily waived his right to appeal (see People v Thomas, 34 NY3d 545, 559-560; People v Barnes, 210 AD3d 792, 792-793).
The defendant's valid waiver of his right to appeal precludes appellate review of his challenge to the County Court's suppression determination (see People v Vidal, 233 AD3d 1055, 1055; People v Barnes, 210 AD3d at 793).
By pleading guilty, the defendant forfeited review of any claim of ineffective assistance of counsel that did not directly involve the plea-negotiation process and sentence (see People v Petgen, 55 NY2d 529, 535 n 3; People v Rodriquez, 194 AD3d 1078). To the extent that the defendant contends that defense counsel was ineffective for failing to advise him of the immigration consequences of his pleas or negotiate better pleas under the circumstances, such contention is without merit.
To prevail on a claim of ineffective assistance of counsel under the federal constitution, "the defendant must show that counsel's representation fell below an objective standard of reasonableness" and "that the deficient performance prejudiced the defense" (Strickland v Washington, 466 US 668, 687-688; see People v Ramroop, _____ AD3d _____, _____, 2025 NY [*2]Slip Op 01647, *1). In the context of a plea, a defendant must show a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial, or that the outcome of the proceedings would have been different (see People v Ramroop, _____ AD3d _____, 2025 NY Slip Op 01647; People v Alexander, 208 AD3d 1247, 1249). Under the New York Constitution, a defendant must show that he or she was not afforded "meaningful representation" (People v Baldi, 54 NY2d 137, 147), which also entails a two-pronged test. The first prong is identical to its federal counterpart (see People v Galan, 116 AD3d 787, 789). The second prong is "based on the fairness of the process as a whole rather than the impact of counsel's errors on the outcome of the case" (People v Parvez, 209 AD3d 885, 886-887; see People v Caban, 5 NY3d 143, 156).
Here, during the plea colloquy, the defendant stated that he was not a United States citizen, and defense counsel stated, "I'm sorry, Your Honor. I didn't know that." The County Court immediately addressed this by telling the defendant, "I need to make sure you understand that your plea of guilty may subject you to or result in your deportation, exclusion from the United States, or denied naturalization. And . . . [because] this is a violent felony offense you will be deported as a result of this plea. Do you understand that?" The defendant replied, "Yes." When the court asked the defendant if he wished to consult with an immigration attorney, he said, "No." Thereafter, the court, among other things, reiterated that the defendant would "be deported as the result of this crime," and the defendant confirmed that he understood. Further, at the end of the plea proceeding, defense counsel indicated that, by that point, defense counsel had discussed the "certainty of deportation" with the defendant.
Although defense counsel did not advise the defendant of the immigration consequences of his pleas prior to the plea proceeding, it is clear from the record that the County Court repeatedly advised the defendant that he would be deported as a consequence of pleading guilty, and the defendant confirmed that he understood (see People v Facey, 180 AD3d 927, 929). Under the circumstances, the defendant was indisputably aware of the possible immigration consequences of pleading guilty before he entered his pleas. Accordingly, the defendant cannot show prejudice resulting from defense counsel's failure to provide that advice prior to the plea proceeding (see People v Ramroop, _____ AD3d _____, 2025 NY Slip Op 01647; People v Facey, 180 AD3d at 929; see also People v Singh, 231 AD3d 749, 750). Additionally, the defendant failed to demonstrate that an incentive to remain in the United States would have made it rational to reject a favorable plea offer (see People v Facey, 180 AD3d at 929).
MILLER, J.P., DOWLING, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court