People v Nesbitt (2025 NY Slip Op 02611)

People v Nesbitt

2025 NY Slip Op 02611

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2023-05299
 (Ind. No. 70307/19)

[*1]The People of the State of New York, respondent,
v
Edward Nesbitt, appellant.

Azra Feldman, Manhasset, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Cristin N. Connell of counsel; Matthew C. Frankel on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Teresa K. Corrigan, J., at plea; William J. O'Brien, J., at sentence), rendered May 22, 2023, convicting him of grand larceny in the third degree and criminal possession of a forged instrument in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the matter is remitted to the County Court, Nassau County, for further proceedings on the defendant's application to withdraw his plea of guilty, and thereafter a report to this Court limited to the County Court's findings with respect to the application and whether the defendant established his entitlement to the withdrawal of his plea of guilty, and the appeal is held in abeyance pending receipt of the County Court's report, which shall be filed with all convenient speed.
The defendant pleaded guilty to grand larceny in the third degree and criminal possession of a forged instrument in the third degree. At a court appearance prior to sentencing, the defendant asked the court to "take [his] plea back." The court immediately answered "No." Upon further inquiry by the defendant, the court explained that the defendant needed a legal basis to withdraw his plea of guilty. The defendant then asserted that he had been misled by his attorney. Without any further inquiry into the substance of this assertion, the defendant was removed from the courtroom. The defendant was thereafter sentenced on his convictions.
"When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rest[s] largely in the discretion of the Judge to whom the motion is made and a hearing will be granted only in rare instances" (People v Manor, 27 NY3d 1012, 1013 [internal quotation marks omitted]; see People v Tinsley, 35 NY2d 926, 927). "[O]ften a limited interrogation by the court will suffice" (People v Tinsley, 35 NY2d at 927; see People v Manor, 27 NY3d at 1014). "[W]hen a motion 'is patently insufficient on its face, a court may simply deny the motion without making any inquiry'" (People v Caputo, 163 AD3d 983, 984, quoting People v Mitchell, 21 NY3d 964, 967). Nevertheless, "[t]he defendant should be afforded reasonable opportunity to present his [or her] contentions and the court should be enabled to make an informed determination" (People v Tinsley, 35 NY2d at 927; see People v Jeffery, 169 AD3d 924, 925; People v Sarner, 167 AD3d 663, 664; People v Caputo, 163 AD3d at 984; People v Ghingoree, 150 AD3d 881, 881).
Here, the defendant was not afforded a reasonable opportunity to present his contentions regarding his application to withdraw his plea of guilty and, consequently, the court was not able to make an informed determination of that application (see People v Jeffery, 169 AD3d at 925; People v Caputo, 163 AD3d at 984; see also People v Sarner, 167 AD3d 663, 664). Accordingly, the matter must be remitted to the County Court, Nassau County, for further proceedings on the defendant's application to withdraw his plea of guilty, and thereafter a report to this Court limited to the County Court's findings with respect to the application and whether the defendant established his entitlement to the withdrawal of his plea of guilty. We hold the appeal in abeyance pending receipt of the County Court's report. We express no opinion as to the merits of the defendant's application, and we decide no other issues at this time.
IANNACCI, J.P., GENOVESI, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court