People v Portillo (2025 NY Slip Op 05970)

People v Portillo

2025 NY Slip Op 05970

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LOURDES M. VENTURA, JJ.

2022-03726
 (Ind. No. 1973/19)

[*1]The People of the State of New York, respondent,
v
Jose J. Portillo, appellant.

Steven A. Feldman, Manhasset, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Shiry Gaash and Marion Tang of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Anthony Senft, Jr., J.), rendered April 4, 2022, convicting him of conspiracy in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Carman, 221 AD3d 613; People v Luna, 196 AD3d 510).
The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, as he did not move to withdraw his plea or otherwise raise the issue before the County Court (see People v Peque, 22 NY3d 168, 182; People v Brown, 170 AD3d 878, 879), and the exception to the preservation rule is inapplicable in this case (see People v Anderson, 223 AD3d 912; People v Kaye, 190 AD3d 767, 768). In any event, the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered.
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the County Court erred by, in effect, denying his motion for substitution of new assigned counsel, except to the extent that his claim implicates the voluntariness of his plea (see People v McErlean, 149 AD3d 872, 873). To the extent that the defendant argues that the, in effect, denial of his motion for substitution of counsel implicated the voluntariness of his plea, the record does not provide a basis to conclude that the defendant's motion was based on specific factual allegations of serious complaints about his counsel (see People v Fredericks, 43 NY3d 551, 556-557; People v Parker, 160 AD3d 990, 991; People v Ward, 121 AD3d 1026, 1027; People v Cheeks, 107 AD3d 1013, 1014). Consequently, the court was not obligated to inquire further, and the motion was, in effect, properly denied (see People v Porto, 16 NY3d 93, 99-100; People v Sides, 75 NY2d 822, 824; People v Medina, 44 NY2d 199, 207).
The defendant's valid waiver of his right to appeal also precludes appellate review of his contention that he was deprived of the effective assistance of counsel on the ground that [*2]defense counsel expressed an adverse position to the defendant during the sentencing proceeding, except to the extent that the alleged ineffective assistance affected the voluntariness of his plea (see People v Hendrix, 172 AD3d 1224, 1225; People v Kovalsky, 166 AD3d 900, 901). To the extent that the defendant's ineffective assistance of counsel claim survives his valid waiver of the right to appeal, his contention is without merit (see People v Fredericks, 43 NY3d at 559-560; People v Pointer, 218 AD3d 499, 500).
Finally, the defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 255-256), as well as his contention that the sentence violated his constitutional rights against cruel and unusual punishment (see People v Escobargarcia, 237 AD3d 1221, 1222).
GENOVESI, J.P., CHRISTOPHER, WAN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court