People v Turner (2025 NY Slip Op 06738)

People v Turner

2025 NY Slip Op 06738

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
DONNA-MARIE E. GOLIA
PHILLIP HOM, JJ.

2023-07487
 (Ind. No. 70790/21)

[*1]The People of the State of New York, respondent,
v
Anthony Turner, appellant.

Patricia Pazner, New York, NY (Mark W. Vorkink of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), rendered July 28, 2023, convicting him of burglary in the second degree and burglary in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
CPL 220.60(3) provides that at any time before the imposition of sentence, the court in its discretion may permit a defendant who has entered a plea of guilty to withdraw such plea. A motion to withdraw a plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion (see id.; People v Meyn, 193 AD3d 1080, 1081). Here, the defendant's pro se motion to withdraw his plea of guilty was patently insufficient and properly denied (see People v Meyn, 193 AD3d at 1081).
"While a court has a duty to investigate complaints concerning counsel, this is far from suggesting that an indigent[ ] [defendant's] request that a court assign new counsel is to be granted casually. The decision to substitute counsel remains within the discretion and responsibility of the trial judge, and the trial court's obligation to consider a motion to substitute counsel arises only where the defendant makes a seemingly serious request[ ]" (People v Fredericks, 43 NY3d 551, 557 [citations and internal quotation marks omitted]; see People v Porto, 16 NY3d 93, 99-100; People v Sides, 75 NY2d 822, 824). In this case, since the record does not provide a basis to conclude that the defendant's motion was based on specific factual allegations of serious complaints about his counsel, the Supreme Court properly denied his pro se motion for reassignment of counsel (see People v Portillo, _____ AD3d _____, _____, 2025 NY Slip Op 05970, *1).
Contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
DILLON, J.P., GENOVESI, GOLIA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court